James CHAMBERS, Plaintiff-Appellant,

v.

B.J. NELSON, et al.,
Defendant-Respondent.

No. 52691.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 11, 1987.

Motion for Rehearing and/or Transfer
Denied Sept. 30, 1987.

James Chambers, pro se.

Eugene K. Buckley, St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiff, James Chambers, appeals dismissal motion by defendants granted on the ground that relief is barred by Section 516.130(1) RSMo 1978, a three year statute of limitations.

Chambers' petition alleges that on or about May 29, 1982 defendants, two police officers, arrested him at which time they took $12,000 cash from him and "[d]efendants have failed and refused to return said $12,000 to plaintiff."

On June 2, 1986 Chambers sued the arresting officers, B.J. Nelson and Carl Cullum, for actual damages of $12,000, punitive damages of $150,000 and other relief as the court deems appropriate. On July 3, 1986 defendants filed a joint motion to dismiss Chambers' petition on the ground that the three year statute of limitations contained in Section 516.130(1) RSMo 1978 bars recovery. On July 11, 1986 Chambers filed a "Traverse to Motion to Dismiss" stating the five year statute of limitations embodied in Section 516.120 RSMo 1978 controls his cause of action. On November 10, 1986 the trial court took defendants' joint motion to dismiss under submission without oral argument pursuant to Rule 55.30(c). On November 21, 1986 the trial court sustained the motion to dismiss. It was not necessary to reach or consider the merits of Chambers' claim of alleged theft of money.

We first address and deny respondents' motion to dismiss the appeal for failure to file timely. The trial court dismissed Chambers' suit on November 21, 1986. The Notice of Appeal is stamped January 23, 1986. Respondents are correct in asserting the face of the notice is dated beyond the 30 day limit of Rule 81.05(a), plus 10 days, Rule 81.04. However, the legal file confirms the fact that Chambers filed a notice of appeal with the trial court on December 9, 1986 before the dismissal became final. The notice of appeal was premature, but timely. Rule 81.05(c).

Chambers does not ask this court to determine whether the trial court erred in relying on Section 516.130(1) rather than applying Section 516.120. The sole argument on appeal is whether Section 516.170 tolled the application of Section 516.130(1). Plaintiff's position on appeal assumes, and we do not consider, the trial court correctly relied on Section 516.130(1). This issue was not presented to the trial court and thus is not properly preserved for appellate review. *KAM, Inc. v. White*, 675 S.W.2d 459, 461 (Mo.App.1984). On the limited claim of error, we hold that Section 516.170 did not toll the statute of limitations under the facts of this case.

Section 516.130(1) imposes a three year statute of limitations for "[a]n action against a sheriff, coroner or other officer, upon a liability incurred by the doing of any act in his official capacity and in virtue of his office ..." It has been held this section applies to unlawful conduct of officers acting in their official capacity. *See, Brown v. St. Louis Police Dept.*, 532 F.Supp. 518, 519 (1982); *Peterson v. Fink*, 515 F.2d 815, 817 (8th Cir.1975). We need not and do not decide the question of whether theft is conduct within official capacity.

In determining whether an applicable statute of limitations bars recovery, we must establish when the cause of action accrued. *Jepson v. Stubbs*, 555 S.W.2d 307, 311 (Mo. banc 1977). A cause of action accrues and limitations begin to run when the right to sue arises. *Hunter v. Hunter*, 361 Mo. 799, 237 S.W.2d 100, 103 (1951). For purposes of Sections 516.130 and 516.170 Chambers' cause of action accrued at the time the alleged theft occurred on May 29, 1982. Chambers argues that Section 516.170 tolled the statute of limitations because he was incarcerated subsequent to the alleged theft.

Section 516.170 provides that a person who is either a minor, mentally incapacitated, *imprisoned* on a criminal charge or in execution under sentence for a term of years less than his natural life "at the time the cause of action accrued" is protected from the statute of limitations. Because statutes of limitations are favored in the law, exceptions are strictly construed. *Langendoerfer v. Hazel,* 601 S.W.2d 290 (Mo.App.1980). Courts are not at liberty to extend them even in cases of hardship. *Id.* The petition itself alleges that Chambers was not imprisoned at the time the alleged theft occurred. The record is totally silent as to whether Chambers was a minor or mentally incapacitated at the time. We assume Chambers is relying on his subsequent imprisonment to toll the three year statute of limitations of Section 516.130. Because Chambers was not in prison "at the time the cause of action accrued," the tolling provision does not stop the running of the statute. The dismissal is affirmed.

PUDLOWSKI, P.J., and CRANDALL, J., concur.