**STATE ex rel. B.A.W., By Next Friend Karen WARNER, Appellant,**

v.

**Robert Peter ZUPAN, Respondent.**

**No. WD 49998.**

Missouri Court of Appeals, Western District.

May 9, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 1995.

Application to Transfer Denied July 25, 1995.

Bonnie Marriott Elliott, Carrollton, for appellant.

ElGene Ver Dught, Higginsville, for respondent.

Before FENNER, C.J., P.J., and BRECKENRIDGE and HANNA, JJ.

FENNER, Chief Judge.

This is an appeal by Karen Rose Warner ("Warner") of the trial court's granting of Robert Peter Zupan's ("Zupan") motion to dismiss based on the running of the statute of limitations.

The facts as best the court can ascertain from the record indicate that a petition was brought on December 1, 1993 on behalf of B.A.W., by his next friend, Karen Rose Warner, in the Circuit Court of Carroll County seeking a declaration of paternity and an order for child support, medical insurance, and state debt. The petition alleged that Zupan was B.A.W.'s father and that no judicial determination of paternity had previously been made. B.A.W. was 10 years old at the time the petition was brought.

Zupan answered Warner's petition on March 15, 1994, admitting that he had sexual intercourse with Warner, but denying he was the father of B.A.W. Zupan's answer also contained the following response asserted as an affirmative defense:

> This action is outside the time requirements of Missouri Statute § 210.826, 1(2) and therefore should find for breach of jurisdiction, failure to state a cause of action upon which relief may be granted, laches and estoppel. Defendant lived with Karen Rose Warner during period of time she asserts in Petition they had sexual relations.

Based on this assertion, Zupan filed a motion to dismiss based on the running of the statute of limitations.

At this point, there arose a dispute between the parties and the court as to the proper statute to apply in determining whether the statute of limitations had run. The legislature amended the Missouri Uniform Parentage Act in the 1993 session, altering the time for bringing actions under the act and the limitations provisions. The 1993 amendments became effective on August 28, 1993, four months before appellant filed her petition. Warner asserted that she was proceeding under the amended statute and the limitations provision found at section 210.828.1, RSMo Supp.1993. Although Zupan did not state the statutory compilation to which he referred, section 210.826.1(2),

RSMo Supp.1992, was in effect prior to the amendments effective August 28, 1993. There is no section 210.826.1(2) under the amended version of the statute.

▮ Section 210.826.1(2), RSMo Supp.1992 provided a five year limitation for the purpose of declaring the nonexistence of a "presumed father" and child relationship. Section 210.822, RSMo Supp.1992, defined a presumed father when certain circumstances were met.[1] Otherwise, the limitation before the 1993 amendments was 18 years pursuant to section 210.828. The 18 year limitation had not expired at the time the present action was filed.[2]

None of the circumstances which would have created a "presumed father" are alleged to be present in the case at bar. Nonetheless, the circuit court granted Zupan's motion to dismiss based on the running of the statute of limitations by applying section 210.826.1(2), RSMo 1992 Supp., and went on to conclude that section 210.828.1 of the *amended* Uniform Parentage Act is unconstitutional. This court need not address the constitutionality of section 210.828.1 in determining the outcome of this appeal.

▮ The statute of limitations is a defense which must be set forth affirmatively. Rule 55.08. A party such as Zupan desiring to avail himself of the statute of limitations must plead the particular statute upon which he relies. *Southwestern Bell Tel. Co. v. Buie*, 758 S.W.2d 157, 161 (Mo.App.1988); *Knisely v. Leathe*, 256 Mo. 341, 166 S.W. 257, 261 (1914). The bar of limitations was invoked in *Gibson v. Ransdell*, 188 S.W.2d 35 (Mo.1945), but an inapplicable statute providing the limitation was specified. The *Gibson* court held that the cause could not be ruled upon on the basis of the applicable statute of limitations because of the defendant's failure to plead it, affirming the rule that "... the particular statute relied upon must be pointed out." 188 S.W.2d at 37 (*citing Knisely*, 166 S.W. at 261); *Modine Mfg. Co. v. Car-*

---

1. Some changes to when a man is presumed to be the natural father of a child were adopted in section 210.822, RSMo 1994. These changes are not relevant to the circumstances of the case at bar.

2. If the applicable limitation period had expired, Zupan would have possessed a vested right that a new statute of limitation would not revive a cause of action expired by lapse of limitation. *State ex rel. Research Medical Center v. Peters*, 631 S.W.2d 938, 941 (Mo.App.1982).

*lock,* 510 S.W.2d 462, 467 (Mo.1974); *Tudor v. Tudor,* 617 S.W.2d 610, 613 (Mo.App.1981).

Zupan based the affirmative defense pled in his answer on a statute of limitations provision that had been amended and was no longer in effect at the time the petition was filed. Furthermore, Zupan has failed to establish that he has a vested right in the five year limitation under section 210.826.1(2), RSMo Supp.1992. The trial court clearly erred in applying a statutory provision that was no longer part of the governing statute and in which Zupan had no vested right to grant Zupan's motion for dismissal.

The order of the trial court granting Zupan's motion for dismissal is reversed, and the cause is remanded for further proceedings consistent with this opinion.

All concur.