**Glenn Wayne YAHNE, Appellant,**

v.

**PETTIS COUNTY SHERIFF DEPARTMENT and Sheriff Gary R. Starke, Respondents.**

**No. WD 60113.**

Missouri Court of Appeals, Western District.

Feb. 19, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 2, 2002.

Application for Transfer Denied May 28, 2002.

718

George Allen Barton, Kansas City, for appellant.

Jeff A. Mittelhauser, Sedalia, for respondent.

RONALD R. HOLLIGER, Judge.

Glenn Wayne Yahne sued the Pettis County Sheriff seeking the return of $140,000 he claimed was seized from him and wrongfully transferred to federal offi-

cials in violation of the CAFA statute, §§ 513.600 to 513.645.[1] In a case of first impression we must determine whether the statute of limitation contained in § 513.630 of CAFA applies to his claim for return of the money. The money was allegedly seized on February 24, 1995, and a transfer to federal authorities approved (allegedly without compliance with CAFA) on March 7, 1995. Yahne's petition was not filed until March 15, 2001. The Sheriff contended that the applicable limitation period was the three-year provision of § 516.130 for actions against a sheriff involving his official duty. Alternatively, the Sheriff argued that the five-year limitation of § 516.120 barred Yahne's claim. Yahne contended that the five-year statute within CAFA, § 513.630, as tolled by the pendency of a criminal proceeding against him was the proper statute.[2] The trial court sustained the Sheriff's motion to dismiss finding that § 516.130 applied and Yahne now appeals.

 Both parties suggest that the issue of which statute of limitations applies to a cause of action is a question of law. As such, the trial court's ruling is subject to de novo review by this court, without deference to the trial court's conclusions. *Craven v. State ex rel. Premium Standard Farms, Inc.,* 19 S.W.3d 160, 163 (Mo.App. 2000). We add that where a statute of limitations is asserted in support of a motion to dismiss, the petition should not be dismissed unless the petition clearly establishes on its face and without exception that it is time barred. *Sheehan v. Sheehan,* 901 S.W.2d 57, 59 (Mo. banc 1995).

Certain general rules of pleading concerning limitations defenses are also particularly germane. The statute of limitations is an affirmative defense that is waived if not raised. Rule 55.08. A party raising the bar of limitations carries the burden of both pleading and proving the defense. *Business Men's Assurance Co. v. Graham,* 984 S.W.2d 501, 507 (Mo. banc 1999). A party must plead the particular statute upon which he relies. *State ex rel. B.A.W. by Warner v. Zupan,* 901 S.W.2d 250, 251 (Mo.App.1995). Limitations is not one of those enumerated defenses that may be raised by motion rather than in an answer. Rule 55.27. A party may properly plead alternative statutes of limitations alleged to bar the claim. *Reed v. Rope,* 817 S.W.2d 503, 507 (Mo.App.1991).

 The burden of proving an exception to the limitations bar is upon the party against whom the defense is asserted. *Lomax v. Sewell,* 1 S.W.3d 548, 553 (Mo.App.1999). The required pleading is in the nature of an avoidance. Rule 55.08 and 55.01. Suggestions in support of or opposing a motion are not the type of pleadings in which to properly assert an affirmative defense of matter of avoidance. *Id.* Although a party need not necessarily plead matters in avoidance of limitations in the first place, *Schwartz v. Lawson,* 797 S.W.2d 828, 834 (Mo.App.1990), they must appear by way of reply to the pleading raising the defense, *id.,* if not appearing on the face of the original petition. *Batek v. Curators of Univ. of Mo.,* 920 S.W.2d 895, 897 (Mo. banc 1996).

1. All statutory references are to RSMo.2000 unless otherwise indicated.

2. Presumably Yahne did not argue for the general limitation of 516.120(4) governing actions for "the recovery of specific personal property" because the pendency of a criminal proceeding is not a basis for tolling under Chapter 516, and incarceration is no longer a basis for tolling the statute of limitations in Chapter 516. *See* § 516.170. (N.B.: Incarceration is no longer a grounds for tolling under Chapter 516 (provision was removed from statute in 1990)).

Our recitation of these general principles leads us to the apparently unnoticed and certainly unmentioned state of the pleadings in this case. The Sheriff's answer pleaded the statute of limitations as a defense but mentioned no specific statute. Neither § 516.130 nor § 516.120 were mentioned until he filed his subsequent motion to dismiss. Yahne filed no reply to the Sheriff's answer in avoidance of the defense nor do we criticize that omission given the lack of notice in Sheriff's answer of what limitations statute the Sheriff relied upon. In his suggestions in opposition to the Sheriff's motion, Yahne suggested that the applicable statute of limitations was the five-year limitation in § 513.630 (CAFA). And although his claim would, on the face of the petition, be beyond that five-year limitation, Yahne was content to assert his contention that the tolling provision within the CAFA statute of limitations applied to his claim in his suggestions in opposition to the Sheriff's motion, without filing a reply to the Sheriff's answer asserting the claimed avoidance.

What legal significance are we to give to pleadings in such a state? To hold that the Sheriff waived the issue by not asserting the specific statute in this answer although he did so in this motion to dismiss imposes a result not urged by Yahne. Moreover, it begs the question since in any event Yahne does not think that § 516.130 is applicable to his cause at all. To that extent the parties are correct that we are faced with a pure question of law (whether § 516.130 or § 513.630 applies). If we were to determine, however, that the CAFA limitation period applies, it also has expired on the face of the pleadings. Application of the rule that failure by Yahne to assert the avoidance of tolling during the pendency of the criminal proceeding would likewise impose a result not sought by Sheriff. Nevertheless we are not comfortable on the basis of the legal file and arguments before us that Sheriff would concede that if § 513.630 applies that its running has been tolled for a sufficient time that the action was timely filed. If, however, we conclude that the general limitation period of § 516.130 applies, then the state of the pleadings and Yahne's claim of tolling are only of passing theoretical interest. We discuss these considerations only to make clear that the practicalities of this case and the principles described above necessarily limit our review in this case to a consideration of whether the general or CAFA limitation period applies and not to whether Yahne's claim is timely filed under the CAFA limitation period.

## FACTS

On February 24, 1995, pursuant to a search warrant, the Pettis County Sheriff's Department seized in excess of $100,000 in currency from Yahne's home. The record does not reveal whether Yahne was arrested at that time, but apparently he was subsequently charged with a criminal drug offense. Yahne's petition alleges that a civil forfeiture action under CAFA was not filed, but rather on March 7, 1995, the Pettis County Prosecutor filed a request under § 513.647 of CAFA to transfer the money to federal authorities. Yahne alleges that the transfer was approved by a circuit judge the same day without compliance with the provisions of the statute including notice to Yahne and an opportunity to object.[3] On March 15, 2001, Yahne filed a three-count petition against the Sheriff and the Sheriff's Department alleg-

---

**3.** This case is, therefore, unlike *Karpierz v. Easley*, 31 S.W.3d 505 (Mo.App.2000), where there was no apparent attempt to comply with any provisions of CAFA. We express no significance to the difference at this time.

ing the facts described above and seeking return of the money or its equivalent. Assumpsit for money had and received, unjust enrichment and replevin were pled as theories of relief. After the pleadings and motion to dismiss discussed earlier, the trial court found that the three-year limitation period of § 516.130 applied and entered a judgment of dismissal.

## THE GENERAL LIMITATION STATUTE § 516.130

Chapter 516 contains the general legislative provisions for statutes of limitation. Its provisions apply to civil actions except that the "provisions of § 516.010 to § 516.370 shall not extend to any action which is or shall be limited by any statute; but such action shall be brought within the time limited by such statute." § 516.300. The limitation period selected by the trial court was, *inter alia:*

**516.130. What actions within three years**

Within three years:

(1) An action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise;

(2) An action upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the state.

Yahne does not argue that this statute would not ordinarily apply to an action against a sheriff for the recovery of specific property.[4] Nor does Yahne cite to

§ 516.300 as establishing our method of analysis although he argues generally that the CAFA limitation period applies because it is more specific.

## THE CAFA LIMITATION STATUTE § 513.630

Notwithstanding any other provision of law, a proceeding under this act may be commenced up until five years after the conduct terminates or the cause of action accrues. If a criminal prosecution or civil action is brought by the state relating to conduct which would constitute criminal activity as defined in section 513.605, then the running of the period of limitations shall be suspended during the pendency of such prosecution or action by the state and for five years thereafter.

Our task is, therefore, to determine whether the CAFA statute is a more specific statute of limitation that applies rather than any of the general limitation periods in Chapter 516, including specifically § 526.130. *See Anderson v. Dyer,* 456 S.W.2d 808, 813 (Mo.App.1970). A review of reported decisions is of limited assistance. Where a cause of action, such as wrongful death, has its own built in statute of limitations, the latter prevails. *Thompson by Thompson v. Crawford,* 833 S.W.2d 868, 871 (Mo. banc 1992). And the wrongful death statute limitation period prevails over even the specific statute of limitation in Chapter 516 dealing with medical malpractice actions. *Gramlich v. Travelers Ins. Co.,* 640 S.W.2d 180, 185 (Mo.App. 1982). Likewise a specific limitation period outside of Chapter 516, dealing with actions against notaries on their bonds, has

---

4. Nor do we express an opinion as to whether § 516.120 setting a five-year limit for actions for recovery of specific property or § 516.130 setting a three year limit for actions against sheriffs is the more specific period of limita-

tion. Yahne's claim would be admittedly barred by § 516.120 because there are apparently no tolling provisions within Chapter 516 that would save his claim.

been held to prevail over a general limitation period. *State ex rel State Life Ins. Co. v. Faucett*, 163 S.W.2d 592, 594 (Mo. 1942). Section 516.130 contains no such express legislative clarity. Most of the other reported cases interpreting or applying § 516.300 deal with the applicability of tolling or savings provisions of Chapter 516 to actions otherwise limited by a statute outside of Chapter 516 and, therefore, shed little light on our analysis.

Yahne marshals several arguments to support his conclusion that the CAFA limitation period applies. First, he contends that his claims are based solely on Sheriff's violations of CAFA and that the plain language of § 513.630 indicates that it is applicable. Citing the general rules of statutory construction he argues that the plain and ordinary meaning of the term "a proceeding under this act" in § 513.630 indicates a legislative intent to apply to his claim. *State v. Residence Located at 5708 Paseo*, 896 S.W.2d 532, 537 (Mo.App.1995) (a statutory provision should be construed according to its plain and ordinary meaning); *Wolff Shoe Co. v. Dir. of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988) (plain meaning is as understood by persons of ordinary intelligence).

Second, he contends that Sheriff's position that § 513.630 applies only to claims by "investigative agencies" because of the definition of that term and "civil proceeding" in § 513.605(2) and (5) is incorrect because the legislature did not use either of those defined terms in § 513.630. Specifically he contends that "a proceeding" is a broader and more generic term than the defined term "civil proceeding" which is specifically used in other portions of CAFA but not in § 513.630. He claims that adoption of Sheriff's argument would violate the rules that a court must give effect to a statute as written, *McDermott v. Carnahan*, 934 S.W.2d 285, 287 (Mo. banc

1996), and that words should not be added by implication to a statute that is clear and unambiguous. *Emery v. Wal–Mart Stores, Inc.*, 976 S.W.2d 439, 449 (Mo. banc 1998).

For his third argument, Yahne points to the second sentence of § 513.630 providing for a tolling of the period of limitations during the pendency of a criminal prosecution or civil action brought by the state. He argues that the legislature would not have included the tolling provision unless it intended for the limitations period to apply to claims brought by persons whose property had been seized. He contends we must presume that the legislature does not enact meaningless provisions. *Younger v. Missouri Public Entity Risk Management Fund*, 957 S.W.2d 332, 336 (Mo.App.1997).

Finally, he argues that other provisions of CAFA provide different time limits for forfeiture actions initiated by investigative agencies and that these are shorter than the five-year period in § 513.630. Specifically he refers to § 513.607 requiring a petition for forfeiture of seized property to be filed within 14 days after the seizure.

To fully address Yahne's arguments we must first generally explain the structure and elements of CAFA. Section 513.607 declares that "All property of every kind used or intended for use in the course of, derived from, or realized through criminal activity is subject to civil forfeiture." The proceeding may be in rem, in personam or both. Section 513.607.4. A petition may be filed before or after seizure. § 513.607.5. If the seizure occurs before the filing of the CAFA petition, as is the usual scenario, it must be reported to the prosecuting or attorney general within four days and, if deemed warranted, a petition for civil forfeiture must be filed within 10 days of receipt of the notice. § 513.607.5(2). This court has held both time limits to be mandatory.

*State v. Hampton,* 817 S.W.2d 470, 472 (Mo.App.1991) (Fenner, J. dissenting). The time limit may be extended by order of the circuit court for periods of ten days not to exceed a total of thirty days. § 513.617.4. A CAFA forfeiture proceeding must also be associated with a criminal proceeding. *Residence Located at 5708 Paseo,* 896 S.W.2d at 538. The CAFA action must be dismissed if the criminal proceeding results in an acquittal or dismissal. *Id. See also* §§ 513.645.6 and 513.645.3. Furthermore, during the pendency of the criminal proceeding the CAFA forfeiture action must be stayed. § 513.617.2. CAFA also includes various provisions for the protections of an "innocent party" as such persons are defined in § 513.615. Those rights are to be enforced pursuant to §§ 613.610 to 513.620. *See* § 513.617.[5] CAFA also contains various provisions for notice and opportunity to be heard for persons from whom property is seized where either a CAFA forfeiture petition is filed (§ 513.607.5(1)) or the state seeks transfer of the property to federal authorities (§ 513.647) and to innocent parties and lienholders in certain circumstances (§ 513.615). Implied is an obligation to return seized property where forfeiture is not proper or where transfer to federal authorities is not approved. CAFA contains no specific mention of such obligation, however, or any mechanisms for enforcement of that responsibility.

Sheriff argues that Yahne misinterprets the provisions of the CAFA limitation statute. He contends that § 513.630 applies only to "proceedings under this act" and that Yahne's claims for recovery of the property based on theories of assumpsit and replevein are simply not such proceedings. Sheriff principally relies upon the definition of "civil proceeding" in the act as "any civil suit commenced by an investigative agency." Section 513.605(2). Admit-

tedly, Yahne is not an investigative agency. Although Yahne claims that argument is incorrect because an investigative agency is subject to the shorter limitation period discussed above, Yahne is only partially correct. The shorter limitation only applies where the property has been seized prior to the filing of a forfeiture provision. Clearly, an investigative agency can file the forfeiture petition pre-seizure and then seek a judicial order for the seizure. § 513.607.5(1). Because CAFA does not mention assumpsit or replevin as remedies for the return of property allegedly seized or transferred in violation of the CAFA procedures, Sheriff argues that it is simply plain and clear that the legislature did not intend the CAFA limitation to apply to claims based on such theories.

Sheriff relies especially upon *Chambers v. Nelson,* 737 S.W.2d 225 (Mo.App.1987), claiming that the court held that the general five-year limitation period (§ 516.120) did not apply to a claim for return of money allegedly stolen at the time of arrest and that the claim was governed by the more specific three-year limitation of § 516.130 upon which Sheriff relies here. Sheriff misstates the holding of the court in *Chambers.* The court said: "The sole argument on appeal is whether Section 516.170 tolled the application of Section 516.130(1). Plaintiff's position on appeal assumes, and we do not consider, the trial court correctly relied on Section 516.130(1)." *Chambers,* 737 S.W.2d at 226. Sheriff otherwise cites principally older federal court decisions applying the three-year limitation of § 516.130 to actions for civil rights violations. Most of these cases are questionable in the face of subsequent decisions. *See Nitcher v. Newton County Jail,* 751 S.W.2d 800, 803 (Mo.App.1988). More importantly, the application of § 516.130 in these cases to various claims against sheriffs and other officers begs the

---

**5.** Yahne does not claim that he is an innocent owner or party as defined in the statute.

question since by the terms of both the first clause of §§ 513.630 and 516.300 the three-year limitation period does not apply if the CAFA limitation applies to claims such as Yahne's.

Our resolution must, therefore, focus specifically on the language in § 513.630; and more precisely on whether the descriptive clause of the word "proceeding" as being "under this act" applies to anything other than forfeiture actions brought by the prosecuting attorney or attorney general. The parties point to no decisions directly on point nor have we discovered any independently. We find, however, that reading CAFA as a whole, together with the CAFA limitation language in § 513.630, does not indicate any legislative intent that the special limitation provisions of that section govern claims such as Yahne's. We reach this conclusion for several reasons.

▮▮▮ Yahne's right to recover property allegedly wrongfully taken does not arise from CAFA itself. His right inherently arises from concepts of due process. Although he premises his claim that he is unjustly deprived of his property because of violations of CAFA, the right itself to seek redress, whether by theories of money had and received, unjust enrichment, replevin or possibly others does not arise from CAFA but relies upon CAFA only as an element of proof of the merit of his claim. CAFA does not purport to be the basis of his legal right. Nor does CAFA purport to restrict or modify the common law rights and remedies that he asserts except to the extent that CAFA sets forth procedural and substantive requirements upon the State which allegedly provide Yahne the basis for his claim that he has been wrongfully deprived of his property. Although not directly on point, we observe that in *Norden v. Friedman*, 756 S.W.2d 158 (Mo. banc 1988), an argument was made that the special two-year statute of limitations for securities violations in § 409.411(e) barred not only statutory claims for securities law violations but also barred the additional common law court for fraud. The Supreme Court said that § 409.411(e) "specifically limits its applications to suits '*under this section.*' " *Id.* at 164 (emphasis added). The Court further held that under the plain meaning of the statute, the special statute of limitation did not apply to the common law claim. *Id.* Absent any reference to claims by those individuals, like Yahne, whose property has been seized, we hold that the legislature did not intend the special statute of limitations to apply to anyone other than those bringing forfeiture actions authorized by CAFA.

We have considered Yahne's final argument, that tolling during pendency of a criminal proceeding could only be meant to refer to claimants such as him, and are unpersuaded. Although perhaps less common in practice, the CAFA scheme does contemplate the possibility that, if no prior seizure is made, the forfeiture petition can be filed within five years and the tolling provision would permit further delay while a criminal proceeding was underway.

Finally, we note that, because Yahne's claim would be barred by either the five year limitation period of § 516.120 or the three year provision of § 516.130, which are both contained in the general limitations chapter, we do not need to consider and do not decide which of those is applicable to this type of claim.

The judgment of the trial court is affirmed.

EDWIN H. SMITH, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.