James D. WILLIAMS, Jr., on behalf of himself and all others similarly situated, Plaintiff–Appellant,

v.

GREENE COUNTY SHERIFF'S DE-PARTMENT and Jack Merritt, Greene County Sheriff, Defendants–Respondents.

No. 24815.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 22, 2003.

fendant may have a remedy by way of writ to address this issue.

George A. Barton, Daniel S. Hobart, James L. McMullin, Kansas City, Dee

Wampler, Joeseph S. Passanise, Springfield, for Appellant.

Theodore L. Johnson III, John W. Housley, Springfield, for Respondents.

JOHN E. PARRISH, Judge.

■ James D. Williams, Jr., (plaintiff) brought this action against the Greene County Sheriff's Department and Jack Merritt, Greene County Sheriff (referred to collectively as "defendants"). He sought "judgment requiring Defendants to return to Plaintiff ... property and money which Defendants have seized from Plaintiff ... or its equivalent value," together with prejudgment and post-judgment interest and attorney fees. Plaintiff's petition asserted three counts as bases for the relief sought. Count I was for money had and received. Count II sought damages for "unjust enrichment." Count III sought recovery in replevin. The trial court granted a motion to dismiss for failure to state a claim and failure to state a cause of action on which relief could be granted. This court affirms.

> In determining if a petition states a cause of action, all facts that are properly pleaded and all reasonable inferences that may be drawn therefrom are taken as true. *Murphy v. A.A. Mathews*, 841 S.W.2d 671, 672 (Mo.banc 1992). If facts essential to recovery are not pleaded, the dismissal will be affirmed. *Bradley v. Ray*, 904 S.W.2d 302, 314 (Mo.App.1995).

*Smith v. Gregg*, 946 S.W.2d 807, 809 (Mo. App.1997).

Plaintiff's petition alleged defendants seized property from him at his residence in Springfield, Missouri, on May 31, 1996. It alleged defendants "by virtue of a search warrant from the Circuit Court of Greene County, Missouri, searched Plaintiff's residence in connection with a criminal investigation." Plaintiff alleged, "In

connection with the search, Defendants seized $15,000.00 in United States currency owned by Plaintiff for possible forfeiture under CAFA, R.S.Mo. § 513.647.[1] No forfeiture petition under R.S.Mo. § 513.607 was ever filed seeking forfeiture of Plaintiff's seized funds. Defendants therefore violated CAFA, and were therefore obligated to return the money to Plaintiff."

The petition further alleged, "After Defendants seized Plaintiff's money, Defendants unlawfully transferred the seized money without compliance with R.S.Mo. § 513.647, by transferring the money to federal authorities without first obtaining a transfer order from the Circuit Judge in Greene County, Missouri, in direct violation of R.S.Mo. § 513.647."

The motion to dismiss filed on behalf of the named defendants included allegations that plaintiff's claims were barred by § 516.130(1) and that the Greene County Sheriff's Department is not a legal entity separate or distinct from Greene County, Missouri, a political subdivision of the State of Missouri and, therefore, lacks capacity to sue or be sued.[2] The trial court granted the motion to dismiss plaintiff's petition. The judgment granting the motion to dismiss included the findings:

Plaintiff claims the limitation provided in § 513.630 applies. That section states:

Notwithstanding any other provision of law, a proceeding under this act may be commenced up until five years after the conduct terminates or the cause of action accrues. If a criminal prosecution or civil action is brought by the state relating to conduct which would constitute criminal activity as defined in § 513.605, then the running of the period of limitations shall be suspended during the pendency of such prosecution or action by the state and for five years thereafter.

The limitation period of § 513.630 applies to "a proceeding under this act." In the definition section of the CAFA act civil proceeding is defined as: "any civil suit commenced by an investigative agency under any provision of sections 513.600 to 513.645." Clearly plaintiff is not an investigative agency. His cause of action is not a civil suit commenced by an investigative agency. In order for the limitation of § 513.630 to apply therefore, plaintiff must be entitled to bring a proceeding under the CAFA act in his individual capacity. Plaintiff cites no language in the statute that grants to individuals the right to bring a proceeding under the act. Plaintiff cites no case for the authority that the CAFA statute creates a private cause of action for violation of its provisions.

The judgment further recites:

This court finds that the applicable statute of limitation is that cited by defendants and contained in § 516.130(1). This is an action against a sheriff. It is an action based upon a liability incurred by the doing of an act or by the omission of an official duty in his capacity as sheriff and in virtue of his office. Therefore the applicable limitation period is three years.

---

1. References to statutes are to RSMo 1994 unless stated otherwise.

2. Plaintiff's original petition was filed February 16, 2001. The trial court docket entry noting its filing recites, "Atty McMullin, per letter of instruction does not want service at this time." The first amended petition was filed February 28, 2001. An order appointing a special process server was entered by docket entry dated March 20, 2001. A March 29, 2001, docket entry reflects "[s]ervice process . . . to Sheriff Jack Merritt, Greene County filed."

Plaintiff filed his first amended petition on February 28, 2001. The events giving rise to plaintiff's cause of action arose on May 31, 1996, the date on which the money was seized from plaintiff. More than three years elapsed from when the cause of action arose and when plaintiff filed his lawsuit. Under § 516.130(1) plaintiff's cause of action against the Greene County sheriff is barred.

The court further finds that the Greene County sheriff's department is not a legal entity entitled to sue and be sued. Therefore the Greene County sheriff's department is not a proper party to this action.

Plaintiff raises two points on appeal. He asserts the trial court erred in finding that plaintiff's claims are barred by § 516.130(1); that "the applicable statute of limitations ... is either § 513.630, R.S.Mo. or § 516.120, R.S.Mo." He further asserts "[t]he trial court erred in ruling that the Greene County sheriff's department is not a legal entity entitled to sue and be sued and ... therefore not a proper party to [plaintiff's] suit."

█ The applicability of § 513.630 to the causes of action asserted by plaintiff was addressed by the Western District of this court in *Yahne v. Pettis County Sheriff Dept.*, 73 S.W.3d 717 (Mo.App.2002). The facts in *Yahne* are much like the facts in this case, viz., personnel from a sheriff's department seized currency from Mr. Yahne's home. Mr. Yahne subsequently sought recovery of the money seized, or its equivalent, in an action that pleaded assumpsit for money had and received, unjust enrichment, and replevin as theories of recovery. *Id.* at 720–21. The trial court found the action was barred by reason of § 516.130. On appeal, Mr. Yahne

asserted the trial court erred in holding § 516.130 applied; that the applicable statute of limitation was § 513.630.

*Yahne* held that the special statute of limitations prescribed by § 516.300 did not apply to actions brought by a party from whom property had been seized; "that the legislature did not intend the special statute of limitations to apply to anyone other than those bringing forfeiture actions authorized by CAFA."[3] 73 S.W.3d at 724. *Yahne* explains that CAFA is legislation that provides a structure by which a prosecuting attorney or the attorney general may seek forfeiture of " 'property of every kind used or intended for use in the course of, derived from, or realized through criminal activity.' " *Id.* at 722, quoting § 513.607. It acknowledged an implied obligation by law enforcement authorities to return seized property not forfeited by proceedings permitted by CAFA; however, *Yahne* observed, "CAFA contains no specific mention of such obligation ... or any mechanisms for enforcement of that responsibility." *Id.* at 723.

*Yahne* declared:

Yahne's right to recover property allegedly wrongfully taken does not arise from CAFA itself. His right inherently arises from concepts of due process. Although he premises his claim that he is unjustly deprived of his property because of violations of CAFA, the right itself to seek redress, whether by theories of money had and received, unjust enrichment, replevin or possibly others does not arise from CAFA but relies upon CAFA only as an element of proof of the merit of his claim. CAFA does not purport to be the basis of his legal right. Nor does CAFA purport to restrict or modify the common law rights and remedies that he asserts except to the extent that CAFA sets forth proce-

---

**3.** "CAFA" is the Criminal Activity Forfeiture Act, §§ 513.600 to .645.

dural and substantive requirements upon which the State which allegedly provide Yahne the basis for his claim that he has been wrongfully deprived of his property.

73 S.W.3d at 724.

The facts of this case, insofar as ascertaining whether the period of limitation prescribed by § 513.630 applies to an individual from whom property was seized by law enforcement authorities, are akin to those in *Yahne.* This court finds the analysis in *Yahne* compelling. The part of Point I that asserts the trial court erred in determining § 513.630 did not apply to plaintiff's case is denied.

The remaining issue raised in Point I is plaintiff's argument that the trial court erred in not finding § 516.120, a five-year statute of limitation, applicable to plaintiff's case.[4] As defendants point out in the brief they filed in this case, this argument was not made to the trial court. It is presented for the first time on appeal. Defendants argue plaintiff is, therefore, precluded from raising that issue.

 Defendants asserted § 516.130(1) as an affirmative defense to plaintiff's claim. Defendants further specified § 516.130(1) as the basis for the motion to dismiss plaintiffs' petition as being time-barred. Defendants' pleadings were consistent with the requirement of Rule 55.08 that statute of limitations must be pleaded as an affirmative defense in order to be maintained as a defense. *State ex rel. B.A.W. b/n/f Warner v. Zupan,* 901 S.W.2d 250, 251 (Mo.App.1995).

The only response by plaintiff in the trial court to defendants' argument that his claim was time-barred by § 516.130(1) was that "[t]he applicable statute of limitations for Plaintiff's claim is the five year statute of limitations of § 513.630, R.S.Mo., which is the specific statute of limitations which the legislature adopted for cases involving alleged violations of Missouri's Criminal Activity Forfeiture Act ('CAFA')." Plaintiff did not argue to the trial court that § 516.120 was applicable to his case.

 "Appellate courts will not, on review, convict a trial court of error on issues that were not put before it to decide. *Thomas v. Lloyd,* 17 S.W.3d 177, 186 (Mo. App. S.D.2000). Issues raised for the first time on appeal are not preserved for review. *Id.*" *Underwood v. Hash,* 67 S.W.3d 770, 780 (Mo.App.2002). *See also Lincoln Credit Co. v. Peach,* 636 S.W.2d 31, 36 (Mo. banc 1982). Point I is denied.

Point I is determinative. It is not necessary to address plaintiff's challenge to the trial court finding that the Greene County Sheriff's Department is not an entity that may sue or be sued. The judgment dismissing plaintiff's petition is affirmed.

SHRUM, J., and RAHMEYER, C.J., concur.

---

4. The three-year statute of limitation, § 516.130(1), requires actions to be brought within three years that are "against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise."

The five-year statute of limitations to which plaintiff now refers, § 516.120(4), provides "[a]n action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated" is to be brought within five years.