**STATE of Missouri, Plaintiff– Respondent,**

v.

**Darrell E. HUFFORD, Defendant– Appellant.**

**No. 25306.**

Missouri Court of Appeals, Southern District, Division Two.

Nov. 20, 2003.

Kent Denzel, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Patrick T. Morgan, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Darrell E. Hufford (defendant) was convicted, following a jury trial, of two counts of tampering with a motor vehicle, a class C felony. § 569.080.1(2).[1]  He was charged as, found to be, and sentenced as a persis-

---

1. References to statutes are to RSMo 2000 unless stated otherwise.

tent offender. *See* § 558.016.1 and .3 and § 557.036.6, V.A.M.S. Defendant appeals contending the two offenses of tampering with motor vehicles (Counts II and III) of which he was found guilty were improperly tried with a charged offense of second degree burglary (Count I), *see* § 569.170, of which defendant was found not guilty. This court affirms.

At about 5:30 a.m. the morning of July 17, 2001, Thomas Berry was driving to work. His daughter, Lorissa Henson, had a house in Butler County. She and her husband were over-the-road truck drivers. They were frequently away from their home. Mr. Berry regularly checked the Hensons' house when he traveled between his residence at Piggot, Arkansas, and his workplace. He checked the house that morning and found no problem.

At about 3:30 p.m. the same day, Mr. Berry stopped by the house as he was returning from work. He found the back door broken open. He saw that a television, a stereo, and speakers were missing. He left the house to check the garage where he found a light turned on, but nothing missing. The light had not been on earlier that day when Mr. Berry had been at the property. Mr. Berry called the Butler County Sheriff's Department. A deputy sheriff came to the property and took Mr. Berry's statement.

Mr. Berry left the house. He returned later to secure the broken back door with boards. He estimated that he returned probably "a couple hours" later. As he approached the house, he saw a white pickup truck near the house with its hood raised. He saw two men near the front of the white pickup.

Mr. Berry took a 12–gauge shotgun from his truck and walked toward the men. Defendant was one of the men. Mr. Berry asked what they were doing. Defendant answered that their truck had stalled; that they were trying to get it started. A truck belonging to Mr. Berry's daughter and son-in-law, a Ford Ranger, was in front of and blocking the entrance to the garage. The pickup with the hood raised was backed with its rear toward the side of the Ford truck. The tailgate to the white pickup was lowered. Mr. Berry looked beneath the tailgate. He brushed weeds from the license plate and observed the license number.

Mr. Berry went to the nearest house to call the sheriff's department. He estimated the house was about a mile away. Mr. Berry returned to the Henson house. The men were gone. The white truck had been backed away from the house toward the road. The tailgate was up. The license plate on the truck was gone. A deputy sheriff arrived. Mr. Berry told her what he had seen. The truck was later towed away. Mr. Berry did not find anything missing from his daughter's property other than what had been missing when he was there earlier that day.

The man with defendant at the Henson property was Jerry Cooper. Mr. Cooper testified that defendant told him defendant had been at the Henson property earlier and got a television and a stereo. He said defendant had gone back to the property to get a riding lawnmower from the garage. The Ford Ranger was parked in front of the entrance to the garage. Mr. Cooper told the court and jury that defendant tried to push the Ford Ranger out of the way of the entrance to the garage with his truck. Mr. Berry testified that when he returned to the Henson property after having seen the men there, he observed a dent in the side of the Ford Ranger that had not been there before.

Jerry Cooper and defendant left the Henson property on foot. They went to George Wright's property, a neighbor of

the Hensons, where they found two vehicles, a 1998 Buick Century car, and a 1996 Toyota truck, parked in a garage behind a house. Defendant went inside the garage and attempted, unsuccessfully, to "hot wire" the vehicles. They went to another house and asked the occupant for a ride. He took them to a bar where defendant called his brother to come get them.

The morning of July 18, 2001, George Wright found contents of the glove compartments of his vehicles and the console of his car in the floorboards of the vehicles. The ignition of the Buick was gone. The cover on the steering column was broken. The ignition of the Toyota had also been broken out.

The information on which defendant was tried charged him with burglary of the Henson house and tampering with the two Wright vehicles. Defendant's trial was held October 11, 2002. On October 4, he filed a motion to sever Count I, the burglary charge, from the two tampering charges, Counts II and III. The motion was denied.

Defendant's sole point on appeal is directed to the trial court's denial of a motion to sever Count I from Counts II and III. Defendant contends "the burglary and the counts of tampering were not part of the same transaction, a common scheme or plan, or of the same of [sic] similar character." Defendant's point on appeal contends "that the counts were improperly joined and [defendant] was substantially prejudiced by the failure to sever the offenses, since the jury was likely to consider the evidence of the burglary against [defendant] in considering whether he was involved in the tampering."

Section 545.140.2 permits two or more offenses to "be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or infractions, or any combination thereof, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Defendant did not challenge the propriety of charging the offenses for which he was tried in a single information in the trial court. He claimed only that the burglary offense was unrelated to the tampering charges; that their joint trial would result in substantial prejudice unless tried separately.

Likewise, defendant's motion for new trial complained only that the trial court erred in denying defendant's motion to sever charges pursuant to Rule 24.07. Nothing in the motion for new trial asserted that the charges had been improperly joined. " 'Issues raised for the first time on appeal are not preserved for review.' " *Williams v. Greene County Sheriff's Dept.,* 94 S.W.3d 450, 454 (Mo.App.2003), *quoting Thomas v. Lloyd,* 17 S.W.3d 177, 186 (Mo. App.2000). "An appellate court will not convict a trial court of error on an issue that was not put before it to decide." *State v. Nunley,* 992 S.W.2d 892, 895 (Mo. App.1999). Thus, the joinder of the separate offenses in the information on which defendant's case was tried will not be addressed. The only part of defendant's allegation of error that was preserved for review was whether the motion to sever was erroneously denied.

Rule 24.07 addresses severance of jointly charged offenses. It provides:

> When a defendant is charged with more than one offense in the same indictment or information, the offenses shall be tried jointly unless the court orders an offense to be tried separately. An offense shall be ordered to be tried separately only if:

(a) A party files a written motion requesting a separate trial of the offense;

(b) A party makes a particularized showing of substantial prejudice if the offense is not tried separately; and

(c) The court finds the existence of a bias or discrimination against the party that requires a separate trial of the offense.

*See also* § 545.885.2.

■■■ The question on appeal is whether the trial court abused its discretion by refusing to sever Count I of the amended information that charged defendant with burglary from Counts II and III that charged separate counts of tampering. *State v. Tripp,* 939 S.W.2d 513, 518 (Mo. App.1997). The trial court, in ruling on defendant's motion to sever, "was required to weigh the benefits of trying the offenses simultaneously against any potential prejudice to defendant." *Id.* at 518–19.

The benefit a court derives from trying offenses simultaneously is the economy of judicial time. [*State v. White,* 755 S.W.2d 363, 368 (Mo.App.1988) ]. Factors considered in assessing whether a defendant will be prejudiced if multiple offenses are tried together include the number of offenses charged, the complexity of the evidence expected to be offered, whether the fact-finder should be able to distinguish the evidence and apply the law intelligently to each offense. *Id.*

*Id.* at 519.

There were three offenses charged. All alleged to have occurred "on or about the 17th day of July, 2001." The burglary, Count I, was alleged to have occurred at a different location than the tampering offenses, Counts II and III. The locations were, however, in close proximity. The evidence related to the two types of offenses was distinct and uncomplicated. This court's review of the evidence the trial court had before it reveals nothing that would have caused the trial court to conclude a jury could not distinguish between the evidence offered as to the burglary from the evidence offered as to the charges of tampering and apply that evidence to the appropriate occurrence. Further, the jury was properly instructed in Instruction No. 6, patterned after MAI–CR3d 304.12:

The defendant is charged with a separate offense in each of the 3 counts submitted to you. Each count must be considered separately.

You should return a separate verdict for each count and you can return only one verdict for each count.

■■■ As instructed, the jury returned separate verdicts for each offense finding defendant not guilty on Count I and guilty on Counts II and III. "When a jury receives proper and adequate instructions, it is presumed the jury will properly follow the instructions as given." *State v. Payton,* 895 S.W.2d 283, 285 (Mo.App.1995), *citing State v. Preston,* 673 S.W.2d 1, 7 (Mo. banc 1984). This court finds no abuse of discretion by the trial court in denying defendant's motion for severance. The record reveals no circumstances that demonstrated defendant would have been unfavorably prejudiced by the offenses being tried together to an extent that would have outweighed benefits to the court if the cases were tried separately. Defendant's point is denied. The judgment is affirmed.

SHRUM, J., and RAHMEYER, C.J., concur.