STATE of Missouri ex rel. BUCHANAN COUNTY, Missouri, Respondent,

v.

Fred E. ROACH, Appellant.

No. KCD 27532.

Missouri Court of Appeals,
Kansas City District.

Feb. 28, 1977.

Maurice Pope, Pope & Nichols, St. Joseph, for appellant.

Richard A. Heider, Pros. Atty., Cynthia A. Clark, Asst. Pros Atty., St. Joseph, for respondent.

Before SWOFFORD, P. J., and MOORE, BONDURANT and CLYMER, Special Judges.

JAMES A. MOORE, Special Judge.

Relator brought this action for accounting against a former circuit clerk. Defendant Roach denied the allegation that he acted in a fiduciary capacity, alleged that he had rendered all accountings required of him by law and that all transactions of his tenure in office were of record open for inspection and unconcealed, and invoked the bar of the statute of limitations, particularly Secs. 516.130 and 516.360 RSMo 1969.

After an evidentiary hearing, the court ordered "the defendant to prepare and file with this Court on or before April 1, 1974, an accounting of all monies received by him as Circuit Clerk for any and all purposes that were not reported to the County Auditor and for which no records are available in the office of the Circuit Clerk, including interest received on investments of Circuit Clerk funds." In response thereto defendant filed an "answer". This response stated that defendant had accounted for all monies received by him for any and all purposes, that all such monies were reflected in the records of the County Auditor "and/or the office of the Circuit Clerk", that defendant received no monies not reported and for which no records were available, that defendant had made the reports required by statute, that defendant had no records of his own, that monies received were entered on the records of the Circuit Clerk and that no records were hidden, lost, altered, mutilated or destroyed.

Relator countered with a motion for final judgment. Defendant-appellant and his then co-defendant surety each requested findings of fact and conclusions of law. Defendant Roach specifically requested findings as to the sum total of funds coming into the office of the Circuit Clerk for the years 1963, 1964, 1965, and 1966 for which he had failed to account.

On the same day that the requests were filed statements of counsel were heard and the requests for findings of fact and conclusions of law were denied. The Court then found "the answer filed by Defendant Roach to Order of Court Directing Accounting is not in compliance with the Court's order, and the Court enters judgment against Defendant Roach and in favor of plaintiff on Count I of plaintiff's petition in the sum of $18,624.97." The entry continued to order, adjudge and decree the recovery of the sum of $18,724.97 from defendant-appellant and to memorialize the voluntary dismissal of two other counts of the petition. (One of these counts was bottomed on a different theory, and the other sought recovery from the surety of the principal sum together with interest, penalty and attorney's fee.) After unavailing motion for new trial, which again invoked

the statute of limitations, defendant Roach appealed. We reverse.

The factual background is not essential to an understanding of all of appellant's three-fold attack on the action of the trial Court. However, it is vital as to one of the assignments of error and helpful to an understanding of the other two.

Appellant took office as circuit clerk January 1, 1927 and inherited the records and system of his predecessor. "Open" items commenced in 1915. After 40 years in office appellant was succeeded by one Kelly. In the transition the outgoing official turned over the sums of $60,000.00 on January 1, 1967, and of $1,842.27 on January 9, 1967 or a total of $61,842.27. He also furnished a list of all open accounts commencing in 1915 and ending with his term of office December 31, 1966. The aggregate of $74,699.46 was corrected to $74,196.92. He also left a list of checks for child support which had not been picked up.

Although no total is given for the second list, the two lists totaled $80,423.48. After a 500 hour audit a Certified Public Accountant found a difference of $18,624.97. (He apparently added to the mathematical difference between the adjusted total of the two lists and the total of the sums transferred a bank adjustment in the amount of $43.96).

Litigation followed, the details of which are unclear. In his brief, appellant refers to the "original case filed an April 26, 1968" against Roach and his bonding company. Respondent refers to three suits "filed by this plaintiff against this defendant" and the dismissal of the first and second without prejudice, prior to the institution of the instant case. There is no evidence in the Transcript on Appeal to substantiate the filing, pendency and disposition of the two earlier cases. However, respondent has twice filed with this Court envelopes containing purported Respondent's Exhibit "A" and Exhibit "B". These exhibits, copies of the petitions in the first and second cases, appear without authentication by a clerk, identification of a reporter, or blessing of a stipulation.

Other facts will emerge as they are pertinent to the several points assigned as error. We treat those points *seriatim*.

■ Appellant's first point is the refusal of the trial Court to comply with the requests of appellant to make findings of fact and conclusions of law as requested. The parties are in substantial agreement as to the mandatory character of Rule 73.01 (b) [now Rule 73.01, subd. 1(b)] upon timely request for such findings and conclusions. Respondent, however, maintains that there was no timely request and that the trial court "did submit its findings and observations upon the evidence at the time of the entry of the interlocutory order for an accounting". In so contending, respondent wholly overlooks the bifurcated nature of a suit for an accounting. Without attempting subtle distinctions between actions at law and suits in equity, we note the two stage character of a suit for accounting—the determination of the right to an accounting and the taking of the account. The latter stage had not been reached in the instant case when the request was made. The "findings and observations" at the interlocutory stage were both premature and incomplete for the findings and conclusions requested prior to final adjudication. Respondent's contentions are without merit. The request was timely and the earlier findings and observations were not an acceptable substitute. We would reverse and remand for further proceedings were it not for the finality required by the disposition of a subsequent point.

■ Appellant's second point is the failure of the Court to apply any statute of limitations. Appellant further contends that the three-year statute applies as of April 26, 1968, the date of the filing of the first of the three suits previously mentioned. If this contention is upheld, it means that the maximum period of time which could be involved is the portion of 1965 after April 26 and all of 1966. We agree.

Sec. 516.130 RSMo 1969 limits actions against public officers to three years. This

limitation is extended by Sec. 516.360 RSMo 1969 to actions brought in the name of the state.

The suit was filed June 30, 1972 and would be barred by the statutes of limitation just cited except for the saving provisions of Sec. 516.230 RSMo 1969. If, after an action is timely commenced, plaintiff suffers a non-suit, plaintiff may commence a new action within one year after such non-suit.

■ Respondent tells us in his brief that the second suit was filed December 31, 1969 and dismissed by plaintiff without prejudice September 16, 1971. We accept this statement for present purposes albeit the record on appeal is less than satisfactory as to prior suits. Assuming *arguendo* that the dates just recited are correct and the cause of action was the same in the second case and in the instant case, we rule that the present suit was not completely barred. For this purpose the voluntary dismissal without prejudice was a species of non-suit mentioned in Sec. 516.230 RSMo 1969. *State v. Litzinger,* 417 S.W.2d 126, 129 [4] (Mo.App.1967).

The evidence and the authorities do not support an extension based on a fiduciary relationship which would call into effect statutory provisions extending the period of limitations, e. g. Sec. 516.120(5). *Shelby County v. Bragg,* 135 Mo. 291, 36 S.W. 600 (1896); *City of St. Joseph v. Wyatt,* 274 Mo. 566, 203 S.W. 819 (banc 1918); *State ex rel. School District of St. Joseph v. Wells,* 270 S.W.2d 857, 862[2] (Mo.1954).

■ There was a paper difference between the total of the open accounts and the funds available, but nowhere was the loss, if any, pinpointed. Kelly, who not only was appellant's successor but also had been his deputy, could not say during what term or during what period any loss had occurred. Even more importantly, Larson, the C.P.A., found all the records and that nothing was hidden. He couldn't say that any time on any particular day there was a shortage. He checked in detail by inquiry the items of account for 1957, 1965, and 1966. The records for those years were substantially correct. In his opinion there was no way to ascertain, if in fact a shortage existed, when it occurred. He could not state whether any shortage was in appellant's first year in office, his last four years, or where.

There was no evidence to support a recovery for any period not barred by limitation.

Finally appellant assigns error in the entry of final judgment without exceptions by the plaintiff (relator) and without any further evidentiary hearing. Whether the "answer" of appellant to the interlocutory order directing him to file an accounting was in strict compliance with the court's order is not the question. Plaintiff (relator) elected to move for final judgment without further proof and in effect stood on the evidence adduced at the hearing of the first phase. The evidence so adduced supports no claim not barred by limitation.

The judgment and decree is reversed.

All concur.