Jamal F. GOFORTH, Appellant Pro Se,

v.

**MISSOURI DEPARTMENT OF CORRECTIONS,**
Respondent.

No. WD 59657.

Missouri Court of Appeals, Western District.

Oct. 30, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 4, 2001.

Jamal F. Goforth, Famington, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cassandra Dolgin, Asst. Atty. Gen., Jefferson City, for respondent.

RONALD R. HOLLIGER, Judge.

Jamal F. Goforth, a prisoner at Central Missouri Correctional Center, filed a Petition for Declaratory Judgment in Cole County Circuit Court, contending that he had a liberty interest created by § 217.345 RSMo in participation in a correctional treatment program for first offenders, a program that the Missouri Department of Corrections has not established. The circuit court sustained the Department of Corrections' Motion for Summary Judgment and dismissed Goforth's petition with prejudice. Goforth appeals from that judgment. Because there is no due process violation and because Goforth does not have a liberty interest in participation in or creation of a correctional treatment program for first offenders, we affirm.

### Facts

The statute at issue in this case provides for the establishment of two distinct types of treatment programs:

1. Correctional treatment programs for first offenders in the department shall be established, subject to the control and supervision of the director, and shall include such programs deemed necessary and sufficient for the successful rehabilitation of offenders.

2. Correctional treatment programs for offenders who are younger than seventeen years of age shall be established, subject to the control and supervision of the director. By January 1, 1998, such programs shall include physical separation of offenders who are younger than seventeen years of age from offenders who are seventeen years of age or older.

3. The department shall have the authority to promulgate rules pursuant to subsection 2 of section 217.378 to establish correctional treatment programs for offenders under age seventeen....

§ 217.345 RSMo

Goforth is a first time offender serving a 24–year sentence. He was sentenced in 1991, when he was 18 years old. Some time before June 18, 1998, Goforth requested that he be placed in the First Time Offenders Rehabilitation Program. The record does not indicate that Goforth ever asked to be placed in the program established for youthful offenders. Nevertheless, in response to his request, Goforth received two letters from the Department of Corrections explaining to him that he was ineligible for the "First Time Offend-

ers" treatment or rehabilitation program because he was over 17 years of age.

Goforth filed a petition on July 14, 2000, in the Circuit Court of Cole County alleging that his due process and equal protection rights had been violated by the Department of Corrections' failure to establish a treatment program for first time offenders pursuant to § 217.345.1 RSMo 1982, and by the Department's failure to include him in such a program. He requested declaratory relief, and sought to be placed on parole and awarded damages as compensation.

The Department of Corrections filed a motion for summary judgment, asserting that § 217.345.2 RSMo did not apply to Goforth because he was over the age of 17. The circuit court sustained the motion, stating that Goforth does not have a liberty interest in participation in the youthful offenders program because he is over the age of 17, and that the legislature had a rational basis for distinguishing between offenders under 17 years of age and those over 17; therefore, there was no equal protection violation.

This appeal followed.

### Standard of Review

■■■ We must review the record in the light most favorable to Goforth, since he is the non-moving party and appeals from the entry of summary judgment. *See ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The question of whether summary judgment is proper is a question of law subject to essentially *de novo* review by this court. *See id.* There is no dispute as to the material facts. If the circuit court reached the correct result, even for the wrong reason, we must still affirm. *Kilventon v. United Missouri Bank*, 865 S.W.2d 741, 743 (Mo.App.1993).

### Analysis

Goforth alleges that the trial court erred in dismissing his complaint and in granting respondent's motion for summary judgment on the grounds that he failed to state an equal protection claim. He also alleges that his due process rights were violated by the Department of Corrections' failure to place him in a treatment program.

■■■ A statute that neither creates a suspect classification nor impinges on a fundamental right does not violate the equal protection clauses unless it is totally arbitrary or lacks any legitimate rationality. *State ex rel. May Dept. Stores Co. v. Koupal*, 835 S.W.2d 318, 322 (Mo. banc 1992) (Spinden, J., dissenting). Neither first time offenders nor offenders under 17 years of age are suspect classes. Participation in a rehabilitation or treatment program is not a fundamental right. The equal protection clause is not violated by a State drawing a line that treats one class of individuals differently from the others, as long as what the State has done does not constitute invidious discrimination. *Bopp v. Spainhower*, 519 S.W.2d 281, 289 (Mo. banc 1975). The disparate treatment here does not constitute invidious discrimination, and it rationally relates to the legitimate state interest of providing rehabilitation and treatment to youthful offenders who are placed in the Department of Corrections.

■■■ In order to establish that his due process rights were violated by the Department of Correction's failure to place him in or establish a treatment program for first time offenders, Goforth must show that he has a liberty interest with which the Department of Corrections intentionally interfered. *Taylor v. Armontrout*, 894 F.2d 961, 963 (8th Cir.1989). We find that the trial court reached the right result because Goforth had no liberty interest in

participation in a treatment program under either § 217.345.1 or § 217.345.2, and regardless of whether he was over or under the age of 17.

Goforth argues that he has a liberty interest in participation in the program as a result of the mandatory language of the statute, which states, "Correctional treatment programs for first offenders in the department shall be established, subject to the control and supervision of the director, and shall include such programs deemed necessary and sufficient for the successful rehabilitation of offenders." Section 217.345.1 RSMo. Goforth does not cite any cases to support this argument.

The United States Supreme Court articulated the requirements for the creation of a liberty interest in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The Court held that a liberty interest protected by the Due Process Clause can be created where a restraint falls short of direct implication of the Due Process Clause, but still "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484, 115 S.Ct. 2293.

In his petition, Goforth has not alleged anything that would constitute an atypical or significant hardship. The only allegation he makes that relates to a hardship at all is that he has been denied the opportunity to "[g]radually reenter the community by demonstrating positive behavioral changes." This hardship is not more significant than others that have been held not to create liberty interests. *See Wycoff v. Nichols*, 94 F.3d 1187, 1188 (8th Cir. 1996) (45 days in administrative segregation); *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 669 (8th Cir.1996) (revocation of work release and return to prison). Since the program into which Goforth sought admission does not exist, and, therefore, no inmate is a partici-

pant, the hardship imposed upon him is not atypical.

Under *Sandin*, Goforth does not have a liberty interest in participation in or creation of the program referred to in § 217.345.1 RSMo. Neither were his equal protection rights violated by the Department of Corrections' failure to place him in the program. We therefore affirm.

EDWIN H. SMITH, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.