**Jan CARMAN, Plaintiff/Appellant,**

**v.**

**Pat WIELAND, Defendant/Respondent.**

**No. ED 98872.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 16, 2013.

Kenneth J. Vuylsteke, Webster Groves, MO, for appellant.

Peter J. Dunne, Robyn Greifzu Fox, Robert T. Plunkert, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

The plaintiff, Jan Carman, appeals the grant of summary judgment entered by the Circuit Court of St. Louis County in favor of the defendant, Pat Wieland. The defendant moved for summary judgment on two different bases. The trial court granted summary judgment on one basis, but denied it on the other. Generally two wrongs don't make a right. Today is an exception. For today we affirm the grant of summary judgment because the trial court reached the right result, even though we conclude that both its grant of summary judgment and denial of summary judgment were erroneous.

First, we conclude that the trial court erred when it granted summary judgment on the basis of the statute of limitations; we find the defendant does not qualify as an "officer" under the special statute of limitations asserted. However, we also hold that the trial court erred when it denied summary judgment on the basis of the nature of the defendant's duty to the plaintiff; we find the plaintiff did not allege that the defendant committed an independent negligent act. We conclude that the defendant owed the plaintiff no independent duty to exercise ordinary care and safety requiring the defendant to refrain from operating a motor vehicle in a negligent manner when driving in the course of the defendant's work. That duty is subsumed within the employer's common-law non-delegable duty to ensure a safe workplace. Because the plaintiff failed to allege any duty of the defendant, other than the employer's non-delegable duty to provide a safe workplace, we affirm the trial court's grant of summary judgment to the defendant.

*Factual and Procedural Background*

The City of Richmond Heights employed both the plaintiff and the defendant as firefighters. Neither party held a supervisory position. On January 15, 2006, the defendant drove a fire truck in which the plaintiff was a passenger. When they arrived at the fire station, the plaintiff exited the truck, and the defendant attempted to back the truck into the station. While doing so, the defendant backed the truck over the plaintiff, causing her serious injury. The plaintiff received workers' compensation benefits for medical, temporary total disability, and permanent partial disability.

The plaintiff filed suit against the defendant, the City of Richmond Heights, and the City of Richmond Heights Fire Department.[1] The plaintiff's petition alleged that the defendant negligently caused the plaintiff's injuries and sought monetary damages. The defendant moved for summary judgment on two bases. The trial

---

1. The plaintiff dismissed without prejudice her claims against the City of Richmond Heights and the City of Richmond Heights Fire Department.

court granted summary judgment to the defendant based on the statute of limitations asserted in the motion. But the trial court denied summary judgment on the other basis asserted in the motion, reasoning that the plaintiff's claims against the defendant did not involve a breach of a non-delegable duty owed by the employer to provide a safe workplace but rather alleged an independent negligent act committed by the defendant. The plaintiff appeals.

## Standard of Review

Summary judgment allows a trial court to enter judgment for the moving party where the party demonstrates a right to judgment as a matter of law based on facts about which there is no genuine dispute. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially *de novo. Id.* We will affirm the judgment where the trial court reached the correct result, even if for the wrong reason. *Goforth v. Mo. Dept. Corr.*, 62 S.W.3d 566, 568 (Mo.App. W.D.2001). When considering an appeal from summary judgment, we review the record in the light most favorable to the party against whom the court entered judgment. *ITT*, 854 S.W.2d at 376.

## Discussion

The trial court granted summary judgment in favor of the defendant on the basis that the three-year statute of limitations applicable to claims against a sheriff, coroner, or other officer under section 516.130(1) RSMo. (2000 & Supp.2012) barred the plaintiff's claims.[2] However, the trial court denied summary judgment on the other basis asserted in the motion, reasoning that the plaintiff's claims against the defendant did not involve a breach of a non-delegable duty owed by the employer to provide a safe workplace but rather alleged an independent negligent act committed by the defendant. The trial court determined that:

[C]o-employees such as [the defendant] are not entitled to immunity from lawsuits under the workers' compensation statute. Also, it appears that [the plaintiff's] claims against [the defendant] do not involve a breach of a non-delegable duty owed by [the] employer to provide a safe workplace. Rather, it appears that [the plaintiff] alleges that she was injured by the independent negligent act of [the defendant] by the way he handled an otherwise safe piece of equipment, i.e. the backing of a fire truck.

(Citations omitted). We shall consider each basis for summary judgment.

## Grant of Summary Judgment Based on the Statute of Limitations

■ The trial court granted summary judgment to the defendant on the second basis asserted in the defendant's motion, ruling that the three-year statute of limitations applicable to claims against "a sheriff, coroner, or other officer" under section 516.130(1) barred the plaintiff's claims. The plaintiff contends the trial court erred in granting summary judgment because the defendant does not qualify as an "officer" under section 516.130(1). She maintains that the five-year statute of limitations contained in section 516.120(4) RSMo. (2000) applies. We agree that the trial court erred in granting summary judgment on this basis because as a matter of law the defendant does not qualify as an "officer" under section 516.130(1).

Section 516.130(1) provides that the following actions must be filed within three years:

2. All statutory references are to RSMo. (2000 & Supp.2012) except as otherwise indicated.

An action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise[.]

When faced with the issue of what constituted an "officer" within the meaning of the three-year statute of limitations, our Supreme Court wrote:

A public office is defined to be "the right, authority and duty created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public." The individual who is invested with the authority and is required to perform the duties is a public officer.

*State ex rel. School Dist. of Sedalia v. Harter,* 188 Mo. 516, 87 S.W. 941, 943 (1905) (citations omitted).

In plainer language, *Black's Law Dictionary* defines an "officer" in relevant part as:

A person who holds an office of trust, authority, or command. In public affairs, the term refers esp[ecially] to a person holding public office under a national, state, or local government, and authorized by that government to exercise some specific function.

1113 (7th ed.1999). "Public office" means "[a] position whose occupant has legal authority to exercise a government's sovereign powers for a fixed period." *Id.* at 1245. A "public official" is "[a] person elected or appointed to carry out some portion of a government's sovereign powers." *Id.* "The power to make and enforce laws" constitutes the sovereign power. *Id.* at 1401.

Thus, Missouri courts have found section 516.130(1) applies to a county recorder of deeds, *Investors Title Co., Inc. v. Hammonds,* 217 S.W.3d 288 (Mo. banc 2007); the Missouri director of revenue, *City of Ellisville v. Lohman,* 972 S.W.2d 527 (Mo. App. E.D.1998); a circuit clerk, *State ex rel. Buchanan County v. Roach,* 548 S.W.2d 206 (Mo.App. K.C.D.1977); a county collector of revenue, *State ex rel. School Dist. of St. Joseph v. Wells,* 270 S.W.2d 857 (Mo.1954); the treasurer of a state hospital, *State ex rel. Bell v. Yates,* 231 Mo. 276, 132 S.W. 672 (1910); and a school-district treasurer, *Harter,* 87 S.W. at 945. The parties cite no case applying section 516.130(1) to an ordinary firefighter as an "officer" for purposes of that section, and our own research has revealed no such case. To the contrary, each of the above-cited cases found that an officeholder was an "officer."

In granting summary judgment for the defendant, however, the trial court stated "it appears that firefighters fall within the meaning of 'other officer' in the above statute of limitations." The trial court cited *Chambers v. Nelson,* stating that the *Chambers* Court noted that section 516.130(1) applied to police officers acting in their official capacities. However, the *Chambers* Court cautioned:

Chambers does not ask this court to determine whether the trial court erred in relying on Section 516.130(1) rather than applying Section 516.120. The sole argument on appeal is whether Section 516.170 tolled the application of Section 516.130(1). Plaintiffs position on appeal assumes, and *we do not consider [whether], the trial court correctly relied on Section 516.130(1).* This issue was not presented to the trial court and thus is not properly preserved for appellate review. On the limited claim of error, we hold that Section 516.170 did not toll the

statute of limitations under the facts of this case.

737 S.W.2d 225, 226 (Mo.App. E.D.1987)(emphasis added) (citations omitted). *Chambers* then cited two cases brought against Missouri police departments in which the federal courts held, without substantial discussion, that section 516.130(1) applies to police officers acting in their official capacity. *Id.* (*citing Brown v. St. Louis Police Dept.*, 532 F.Supp. 518, 519 (E.D.Mo.1982); *citing Peterson v. Fink*, 515 F.2d 815, 817 (8th Cir.1975)).[3] Our research reveals only one very recent case where a Missouri court decided the question of whether section 516.130(1) applies to a police officer. In a case of first impression, the Western District held that a city police officer falls within the designation of "other officer" within the meaning of section 516.130(1). *Dilley v. Valentine*, 401 S.W.3d 544, 551–53 (Mo.App. W.D.2013). But in any event, police officers are clearly distinguishable from firefighters. Police officers are sworn law-enforcement officers, somewhat like the sheriffs to whom the statute expressly applies. Police officers have the legal authority to exercise a government's sovereign power to enforce the law, a key characteristic of one who holds public office. *See Black's Law Dictionary* 1245, 1401. And to state the obvious, a police officer carries the title of "officer," and so is more reasonably construed to be a public officer.

Summary judgment allows a trial court to enter judgment for the moving party where the party demonstrates a right to judgment as a matter of law based on facts about which there is no genuine dispute. *ITT*, 854 S.W.2d at 376. We hold that the trial court erred when it granted summary judgment on the basis that the defendant qualifies as an "officer" for purposes of the three-year statute of limitations under section 516.130(1).

We conclude that an ordinary firefighter employed in a non-supervisory position is not an "officer." An ordinary firefighter does not hold an office of trust, authority, or command, and does not have the legal authority to exercise the government's sovereign power to make or enforce the law. The defendant argues that he "endured his position at the pleasure of the creating power and was vested with some portion of the sovereign function of the government, to be exercised by him for the benefit of the public." But the same is true of every employee who works for any governmental entity. Accepting such an argument would render every government employee an "officer" within the meaning of the three-year statute of limitations, regardless of such employee's level of authority, level of responsibility, ability to exercise discretion, or capacity to make or enforce the law. Had the legislature intended that every government employee come within the ambit of section 516.130(1), then the legislature would have used the term "government employee" rather than "officer" in the statute.

Furthermore, Missouri courts have historically applied section 516.130(1) to persons who take an oath to faithfully execute the duties of his or her office, who work at a high level of trust, authority, and com-

---

**3.** We find *Brown* and *Peterson* of questionable authority given the United States Supreme Court's decision in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) *superceded by statute*, because the Supreme Court held that section 1983 lawsuits are best characterized as personal-injury claims for the purposes of applying the appropriate statute of limitations. *Dilley v. Valentine*, 401 S.W.3d 544, 552 n. 1 (Mo.App. W.D.2013) (*citing Yahne v. Pettis County Sheriff Dep't*, 73 S.W.3d 717, 723 (Mo.App. W.D.2002); *citing Nitcher v. Newton County Jail*, 751 S.W.2d 800, 803 (Mo.App. S.D.1988)).

mand, who may be bonded, who generally are appointed or elected for a fixed term, and who enforce the law. *See generally, Hammonds,* 217 S.W.3d 288; *Lohman,* 972 S.W.2d 527; *Roach,* 548 S.W.2d 206; *Wells,* 270 S.W.2d 857; *Yates,* 132 S.W. 672; and *Harter,* 87 S.W. 941. An ordinary firefighter does not bear these responsibilities, and so does not qualify as a matter of law as an "officer" under section 516.130(1).

### Denial of Summary Judgment Based on the Duty of a Co–Employee

Now let us consider the nature of the duty owed a fellow employee. The plaintiff alleged in count one of her petition that the defendant negligently operated a motor vehicle, thereby violating his duty to operate the motor vehicle with the highest degree of care. In count two, the plaintiff alleged that the defendant's actions created a hazardous environment, subjecting the plaintiff to a substantial risk of injury and exposing her to dangers beyond those normally faced in the plaintiff's work.

The plaintiff contends that the defendant's duty to operate the vehicle with the highest degree of care exists independent of any duty imposed on the defendant by his employer. She argues that the defendant owed this duty to the general public, including the plaintiff, regardless of whether the defendant was on the job site or on the public roadways. The plaintiff asserts that because the safe operation of a motor vehicle is not among the employer's non-delegable duties, it is a personal duty owed by the defendant, fully independent of any master-servant relationship.

When a plaintiff brings a common-law negligence action against a co-employee, she must establish the same elements applicable to any negligence action: 1) that a duty existed on the part of the defendant to protect the plaintiff from injury; 2) that the defendant failed to perform the duty; and 3) that the defendant's failure proximately cause the plaintiff's injury. *Hansen v. Ritter,* 375 S.W.3d 201, 208 (Mo.App. W.D.2012); *Gunnett v. Girardier Bldg. and Realty Co.,* 70 S.W.3d 632, 637 (Mo.App. E.D.2002). As in other common-law actions, the threshold matter is the existence of a duty owed by the co-employee. *Hansen,* 375 S.W.3d at 208; *Gunnett,* 70 S.W.3d at 637. Furthermore, the nature of the duty is vital in determining whether the co-employee may be held liable. *Hansen,* 375 S.W.3d at 208; *Gunnett,* 70 S.W.3d at 637. The existence of a duty is unique among the elements of negligence because it is a question of law for the court to decide, *Hansen,* 375 S.W.3d at 208, and hence this question is central to determining whether a party has a right to judgment as a matter of law.

Critically, a co-employee's personal duties to fellow employees do not include a legal duty to perform the non-delegable duties belonging to the employer under the common law. *Id.* at 217. The employer's non-delegable duties related to safety specifically include the duties: 1) to provide a safe workplace; 2) to provide safe equipment in the workplace; 3) to warn employees of the existence of dangers of which the employees could not reasonably be expected to be aware; 4) to provide a sufficient number of competent fellow employees; and 5) to promulgate and enforce rules governing employee conduct for the purpose of enhancing safety. *Id.* at 208. The duty to provide a safe place to work is only one of the non-delegable duties that an employer owes to its employees, and the employer cannot escape its duty by delegating the task to another. *Id.* at 209. Thus, when an employee fails to perform the employer's non-delegable duty, the failure rests with the

employer, not the employee. *Gunnett,* 70 S.W.3d at 638.

■■■ We must resolve based on the record before us whether the co-employee defendant also could be liable for his negligence. Whether a co-employee may be held liable depends on the facts and circumstances of each case, *id.* at 639, and the nature of the duty is vital, *Hansen,* 375 S.W.3d at 208. At common law, a co-employee who has violated an *independent* duty to an injured employee can be held liable. *Id.* at 213 (emphasis in original). Co-employees, however, do not independently owe a duty to their fellow employees to perform the employer's nondelegable duties because those necessarily derive from the master-servant relationship and are not independent of it. *Id.* at 214. Consequently, because a co-employee does not owe fellow employees the duty to perform the employer's non-delegable duties independent of the master-servant relationship, such duties are not personal duties of the co-employee and cannot support an actionable claim of negligence. *Id.* at 215. In sum, under the common law, a co-employee's personal duties to fellow employees do not encompass a legal duty to perform the employer's non-delegable duties. *Id.* at 217. It is an affirmative act directed at a particular employee that places the co-employee's conduct outside the scope of the employer's non-delegable duties. *Gunnett,* 70 S.W.3d at 641.

■■■ For nearly eighty years, the common law has held that co-employees do not owe fellow employees the legal duty to perform the employer's non-delegable duties. *Hansen,* 375 S.W.3d at 218. At common law, a co-employee can be held liable when he has violated an independent duty to a fellow employee, as opposed to a non-delegable duty belonging to the employer. *Id.* at 213–14. To charge actionable negligence against a co-employee, something "extra" is required beyond a breach of the employer's duty of general supervision and safety. *State ex rel. Badami v. Gaertner,* 630 S.W.2d 175, 179–80 (Mo.App. E.D.1982) (en banc). This standard is commonly known as the "something more" test. *See Gunnett,* 70 S.W.3d at 638.

*Badami*'s "something more" test simply restated the pre-existing common law regarding co-employee liability to fellow workers for breach of the employer's non-delegable duties. *Hansen,* 375 S.W.3d at 215. Where *Badami* required "something more" than a co-employee's breach of a duty of general supervision and safety because that duty is a non-delegable duty of the employer, 630 S.W.2d at 179–80, the common law requires something "independent" for the same reason, *see Hansen,* 375 S.W.3d at 215–16. Construing "something more" as a breach of a personal duty of care that one employee owes to another comports with the foundational principle of common-law negligence actions—that the defendant owed some duty to the plaintiff, the observance of which would have avoided the injury. *Gunnett,* 70 S.W.3d at 639. *Badami*'s recognition of the underlying common-law principle that a co-employee owes no duty to fellow employees to perform the employer's non-delegable duties remains good law. *Hansen,* 375 S.W.3d at 216.

Thus, to survive summary judgment, the plaintiff must demonstrate circumstances showing a personal duty of care owed to her by the defendant, separate and apart from the employer's non-delegable duties, and that breach of this personal duty proximately caused the plaintiff's injuries. *Gunnett,* 70 S.W.3d at 641. Whether a personal duty exists so that the co-employee may be held liable will depend on the

facts and circumstances of the case, determined as a matter of law.[4]  *Id.*

The plaintiff claims the defendant owed her a personal duty to operate the fire truck with the highest degree of care, a duty that existed independently from any duty owed by the employer as part of the master-servant relationship.  The injured worker in *State ex rel. Taylor v. Wallace* advanced an argument virtually identical to the plaintiff's reasoning here.  73 S.W.3d 620 (Mo. banc 2002), *overruled on other grounds by McCracken v. Wal–Mart Stores East, LP*, 298 S.W.3d 473 (Mo. banc 2009).  In *Taylor,* a worker riding as a passenger on a trash truck driven by his co-employee fell from the truck when it struck a mailbox, and the worker suffered permanent injuries.  *Id.* at 621.  The worker alleged that his injuries were a result of his co-employee's negligent and careless driving.  *Id.* The injured worker argued that careless driving differs from other types of simple negligence that might create a dangerous workplace because drivers are required by statute to exercise the highest degree of care when driving on public roads.  *Id.* at 622.  This, the injured worker argued, created a personal duty on the defendant's part to drive

carefully—a duty running to all persons who might be injured by the defendant's careless driving—separate and apart from the defendant's duty to provide a safe working environment to his fellow-employee passengers by driving carefully.  *Id.*

*Taylor* held that a simple allegation of negligent driving by a co-employee is not "something more" than an allegation of a breach of the duty to maintain a safe working environment.  *Id.* at 622–23; *see also Nowlin ex rel. Carter v. Nichols*, 163 S.W.3d 575, 580 (Mo.App. W.D.2005), *abrogated on other grounds by Burns v. Smith*, 214 S.W.3d 335, 338–39 (Mo. banc 2007) (simple allegation of negligent operation of machinery or vehicle is not "something more" than allegation of breach of duty to maintain safe working environment).  The injured worker's allegation of negligent driving in *Taylor* failed to allege that his co-employee owed him any independent personal duty.

Here, the plaintiff has alleged nothing more than that the defendant negligently drove the fire truck.  The duty to maintain a safe working environment is a non-delegable duty belonging to the employer.  *Hansen*, 375 S.W.3d at 209.  Therefore,

4. We acknowledge that much of the parties' briefing focused on the extent of co-employee immunity afforded by the Workers' Compensation Act. But the more fundamental question, which the trial court addressed via summary judgment, is whether a duty exists between the parties at common law. *Hansen* states that *Badami* drew the line of common-law duty and immunity under the Act coextensively.  375 S.W.3d at 216.  But *Hansen* also recognized that while the abrogation of *Badami*'s judicial construct eliminated immunity under the Act for a co-employee who fails to perform the employer's non-delegable duty, *Badami*'s acknowledgment of the underlying common-law principle that a co-employee owes no duty to fellow employees to perform an employer's non-delegable duties remains good law. *Id.* A defendant, of course, would never require immunity as a

shield to liability if the plaintiff could not establish that the defendant owed the plaintiff a duty.  Duty is an essential element of a negligence action. *Id.* at 208.  Thus, if no duty exists as a matter of law, then we need not proceed to consider a co-employee's affirmative defense of immunity under the Act. *See McCracken v. Wal–Mart Stores East, LP*, 298 S.W.3d 473, 477–78 (Mo. banc 2009) ("[W]here an action is at common law and invokes common-law liability only, an exception to such liability created by statute is not an element of the cause of action; it is a matter of defense.") (*quoting Kemper v. Gluck*, 327 Mo. 733, 39 S.W.2d 330, 333 (1931)); *Fortenberry v. Buck*, 307 S.W.3d 676, 679 (Mo.App. W.D.2010) (workers' compensation exclusivity must be raised as affirmative defense).

we hold that a co-employee owes to a fellow employee no common-law duty to exercise ordinary care and safety requiring the co-employee to refrain from operating a vehicle in a negligent manner when driving in the course of his work. As a matter of law, that responsibility is subsumed within an employer's nondelegable duty to provide a safe working environment. The duty here to operate the fire truck in a safe manner was owed to the plaintiff by the employer. Because the plaintiff failed to allege any duty independent of the employer's non-delegable duty to provide a safe working environment, the trial court should have granted summary judgment for the defendant on this basis.

## Conclusion

We conclude that the trial court's grant of summary judgment on the basis that the defendant qualifies as an "officer" under section 516.130(1) was erroneous. To the contrary, the defendant here was not an "officer" within the meaning of section 516.130(1).

However, we also hold that a co-employee owes to a fellow employee no common-law duty to exercise ordinary care and safety requiring the co-employee to refrain from operating a motor vehicle in a negligent manner when driving in the course of his work. As a matter of law, that responsibility is subsumed within the employer's non-delegable duty to provide a safe working environment. Because the plaintiff failed to allege any duty independent of the employer's non-delegable duty to provide a safe working environment, the trial court should have granted summary judgment for the defendant on the basis of his lack of duty.

We will affirm the grant of summary judgment where the trial court reached the correct result, albeit for the wrong reason. *Goforth*, 62 S.W.3d at 568. Be-

cause the trial court reached the correct result, even though on the wrong basis, we affirm the trial court's grant of summary judgment to the defendant.

PATRICIA L. COHEN, J., and KURT S. ODENWALD, J., concur.