

# In the Missouri Court of Appeals
## Eastern District

DIVISION ONE

CURT PETERS,                      )        No. ED100699
                                  )
and                               )        Appeal from the Circuit Court
                                  )        of St. Charles County
CHERI PETERS,                     )        1211-CC00675
                                  )
    Appellants,              )        Honorable Jon A. Cunningham
                                  )
    vs.                      )
                                  )
WADY INDUSTRIES, INC.,            )
                                  )
    Defendant,               )
                                  )
and                               )
                                  )
PATRICK TERRIO,                   )
                                  )
    Respondent.              )        FILED:  September 9, 2014

Curt and Cheri Peters appeal the trial court's judgment dismissing their negligence action against Patrick Terrio.  We affirm.

## Background

Mr. Peters and Mr. Terrio were employed by Tramar Contracting.  Terrio was Peters's supervisor.  Tramar provides various services to general contractors in the construction industry.  Among its services, Tramar delivers dowel baskets[1] manufactured by Wady Industries.  On September 24, 2008, Peters was injured when a stack of dowel baskets fell on him as he was

1

unloading them at a construction site. Peters and his wife, Cheri, filed this negligence action against Terrio and Wady, seeking recovery for injuries sustained as a result of the accident.[2]

In his petition, Peters alleges that the dowel baskets arrived at Tramar stacked in an unsafe manner and remained as such until they were unloaded at the construction site. Peters further alleged that, before the accident leading to his injuries, Terrio received multiple warnings from Tramar employees concerning the safety hazards posed by the stacked dowel baskets. Despite these warnings, Terrio ordered that the baskets be sent to the site stacked in an unsafe manner where they fell from the truck onto Peters, causing him permanent and catastrophic injuries. Specifically, Peters alleged that Terrio breached his duty to exercise reasonable care for Peters's safety in the following ways:

a.     [Terrio] allowed the baskets to be transported on a flatbed truck while stacked at a level that exceeded a safe height;

b.     [Terrio] failed to insure that the baskets were properly braced or secured for transportation and unloading;

c.     [Terrio] failed to provide sufficient help;

d.     [Terrio] failed to provide adequately trained help;

e.     [Terrio] failed to provide a proper area for the unloading of the baskets;

f.     [Terrio] failed to heed the warnings of employees about the stacked baskets;

g.     [Terrio] allowed the unsafe course to become standard operating procedure; [and]

h.     [Terrio] ordered and directed plaintiff Curt Peters to load, stack, transport, and unload the baskets in the aforementioned unsafe manner.

Terrio filed a motion to dismiss for failure to state a claim upon which relief could be granted on the basis that Peters's exclusive remedy lies in Missouri Workers' Compensation Law

---

[1] Dowel baskets are 200-pound rebar paver baskets used in concrete construction.

(Chapter 287 RSMo). More specifically, Terrio maintained that the petition failed to allege any conduct by Terrio outside the scope of Tramar's non-delegable duty to provide a safe workplace. The trial court agreed and granted Terrio's motion to dismiss. Peters appeals, asserting that Terrio engaged in affirmative negligent conduct in breach of a duty independent of Tramar's non-delegable duty to provide a safe workplace

## Standard of Review

Dismissal of a petition for a failure to state a claim upon which relief may be granted is reviewed *de novo*.[3] Amesquita v. Gilster-Mary Lee Corp., 408 S.W.3d 293, 298 (Mo. App. E.D. 2013). All factual allegations asserted in the petition are accepted as true, and the petition will state a claim if the alleged facts meet the elements of a recognized cause of action. Id. Dismissal for failure to state a claim is proper where the petition fails to allege facts essential to recovery. Id.

## Applicable Law

Workers' Compensation Law provides the exclusive remedy for employees in claims against their employers. At the time of Peters's injury, its exclusivity clause stated as follows:

> The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, *at common law or otherwise*, on account of such accidental injury or death, *except such rights and remedies as are not provided for by this chapter*.

§287.120.2 RSMo 2006. (emphasis added)

---

[2] Cheri also brought a claim for loss of consortium. For the reader's ease, we refer to Curt as the primary plaintiff.

[3] Though the parties characterize the issue as one of subject matter jurisdiction, the trial court clearly had subject matter jurisdiction over Peters's claims. In Missouri, subject matter jurisdiction is governed by the Missouri Constitution, and circuit courts have subject matter jurisdiction over all civil and criminal matters. J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249, 253 (Mo. banc 2009) (citing Mo. Const. art. V, §14). The trial court didn't dismiss the petition for lack of jurisdiction but rather for failure to state a claim.

3

Before 2005, this exclusive remedy provision was interpreted to shield employees from liability to co-workers except for affirmative acts beyond normal job duties, *i.e.* the "something more" standard. See e.g., Burns v. Smith, 214 S.W.3d 355 (Mo. 2007). Then in 2005, a statutory amendment mandating strict construction of Chapter 287 led appellate courts to hold that the statutory definition of "employer" did not include a claimant's co-workers. Robinson v. Hooker, 323 S.W.3d 418 (Mo. App. W.D. 2010). As a result, suits against co-workers "at common law or otherwise" were "not provided for by" Chapter 287, so employees were left exposed to liability to co-workers for common law negligence.[4] The legislature passed a corrective amendment in 2012 that essentially codified the "something more" doctrine. For injuries occurring in the interim, appellate courts interpreted the standard for co-employee liability with varying results. This court applied the "something more" doctrine and concluded that, in order for an employee to be personally liable for a co-worker's injury, the employee must have engaged in some affirmative, purposeful, and dangerous act outside the scope of the employer's non-delegable duty.[5] Amesquita, 480 S.W.3d at 304-305. By contrast, the Western District recently rejected the "something more" doctrine and held that, for the period in question, an employee's simple negligence - whether by act or omission - is actionable so long as it falls outside the employer's non-delegable duty. Leeper v. Asmus, No. WD76772, 2014 WL 2190966 (Mo. App. W.D. 2014). We need not resolve the conflict, as Missouri courts have never wavered on the critical threshold issue that we find determinative here, namely whether the defendant employee's conduct was independent of his employer's non-delegable duties.

When a plaintiff brings a common law negligence action against a co-employee, he must establish the same elements applicable to any negligence action: (1) that a duty existed on the

---

[4] For a thorough tutorial on the subject, see Hansen v. Ritter, 375 S.W.3d 201 (Mo. App. W.D. 2012).

4

part of the defendant to protect the plaintiff from injury; (2) that the defendant failed to perform the duty; and (3) that the defendant's failure proximately cause the plaintiff's injury. <u>Carman v. Wieland</u>, 406 S.W.3d 70, 76 (Mo. App. E.D. 2013). The key predicate is the existence of a duty owed by the co-employee, and it is a question of law for the court to decide. <u>Id.</u> An employee owes no personal duty to co-workers to perform the employer's non-delegable duties because those duties necessarily derive from the master-servant relationship. <u>Hansen v. Ritter</u>, 375 S.W.3d 201 (Mo. App. W.D. 2012). An employer's non-delegable duties are: (1) to provide a safe workplace; (2) to provide safe equipment in the workplace; (3) to warn employees about the existence of dangers of which the employees could not reasonably be expected to be aware; (4) to provide a sufficient number of competent fellow employees; and (5) to promulgate and enforce rules governing employee conduct for the purpose of enhancing safety. <u>Carman</u>, 406 S.W.3d at 76. Thus when an employee fails to satisfy the employer's non-delegable duty, that failure is imputed to the employer. <u>Id.</u> A co-employee is only liable when he "has violated an independent duty to a fellow employee, as opposed to a non-delegable duty belonging to the employer." <u>Carman</u>, 406 S.W.3d at 77.

## Analysis

Applying the foregoing principles to Peters's petition, one cannot escape the fact that each allegation of Terrio's negligence is perfectly inseparable from Tramar's non-delegable duty to provide a safe workplace. At best, Peters asserts that Terrio knew of the danger and failed to protect him from it. But this claim - essentially that Terrio ignored a safety concern - cannot be extracted from the scope of Tramar's non-delegable duty to provide a safe workplace. The duty to make the workplace safe from known dangers is a non-delegable duty owed by the employer,

---

[5] The 2012 amendment employs the same description. An employee "shall not be released from liability for injury or death if the employee engaged in an affirmative negligent act that purposefully and dangerously cause or increased the risk of injury." §287.120.1 RSMo 2013.

not co-employees. Amesquita, 408 S.W.3d at 303. "Charging the employee chosen to implement the employer's duty to provide a reasonably safe place to work merely with the general failure to fulfill that duty charges no actionable negligence." Id. (quoting State ex rel. Badami v. Gaertner, 630 S.W.2d 175, 180 (Mo. App. E.D. 1982)).

"Unless a petition asserts a personal duty owed by a co-employee that exists independent of the employer's non-delegable duties, and thus a duty that would exist independent of the master-servant relationship, the petition will not survive a motion to dismiss for failure to state a cause of action for negligence." Hansen, 375 S.W. 3d at 217. The facts pleaded in Peters's petition, even if true, fall squarely within Tramar's non-delegable duty to provide a safe workplace. Consequently, as a matter of law, Peters cannot establish the existence of an independent duty on the part of Terrio.[6] Point denied.

## Conclusion

The trial court did not err in dismissing Peters's petition for failure to state a claim on which relief can be granted. The judgment is affirmed.

_Clifford H Ahrens_
CLIFFORD H. AHRENS, Judge

Roy L. Richter, P.J., concurs.
Glenn A. Norton, J., dissents in separate opinion.

---

[6] Even accepting the dissent's reliance on Leeper as controlling authority, we would reach the same conclusion. Leeper reinforces, as we note above, that the threshold issue is whether the injury is attributable to a breach of the employer's non-delegable duty. This is a fact issue, so "dismissal of a petition for failure to state a claim will be premature _if the petition alleges facts_ that would support [the] conclusion" that the injury is _not_ attributable to the employer's breach of duty. Leeper at *17. But the dissent acknowledges that Peters's petition does _not_ specifically articulate an independent duty on the part of Terrio. While our standard of review requires us to give the pleading its broadest intendment and accept all facts _alleged therein_ as true, it does not invite us to infer _additional_ facts. Leeper further confirms that, if a workplace injury is "attributable in any manner" to the employer's non-delegable duties, then the co-employee "can owe no duty of care in negligence, and the co-employee's negligence is chargeable to the employer." Id. "An employer and a co-employee cannot be jointly and severally liable." Id. Simply put, if the employer is "on the hook" at all, then the employee is off.

6



# In the Missouri Court of Appeals
# Eastern District
## DIVISION ONE

CURT PETERS,                    )         No. ED100699
                                )
and                             )         Appeal from the Circuit Court
                                )         of St. Charles County
CHERI PETERS,                   )         1211-CC00675
                                )
    Appellants,             )         Honorable Jon A. Cunningham
                                )
    vs.                     )
                                )
WADY INDUSTRIES, INC.,          )
                                )
    Defendant,              )
                                )
and                             )
                                )
PATRICK TERRIO,                 )
                                )         Filed: September 9, 2014
    Respondent.             )

## DISSENTING OPINION

I respectfully dissent. The majority finds it is not necessary to resolve the conflict between our Court and the Western District on the standard to be used for determining co-employee liability for the negligent injury of fellow employees in the workplace. The majority also finds the first amended petition failed to allege Terrio had a duty independent from Tramar's non-delegable duty to provide a safe workplace. I disagree with both of these findings.

The Western District's recent decision in *Leeper v. Asmus* created a split of authority in Missouri regarding an employee's liability for negligence committed against a co-employee

between 2005 and 2012 amendments[1] to the Workers' Compensation Law ("the Law").  2014 WL 2190966 (Mo. App. W.D.).  Specifically, in *Leeper*, the Western District declined to follow our Court's decisions in *Carman v. Wieland*, 406 S.W.3d 70 (Mo. App. E.D. 2013) and *Amesquita v. Gilster-Mary Lee Corp.*, 408 S.W.3d 293 (Mo. App. E.D. 2013) to the extent that they did not correctly apply the common law when determining co-employee liability.  2014 WL 2190966 at *15-16.  One appellate judge in the Southern District recently agreed with the analysis and result reached in *Leeper*, providing further evidence of the disagreement in Missouri appellate courts on the issue of co-employee liability.  *See Parr ex rel. Waid v. Breeden*, 2014 WL 3864710 at *1-20, 22 (Mo. App. S.D.) (Francis, Jr., J., dissenting) (quoting extensively to *Leeper* and finding that "[g]iven . . . the legal analysis in *Leeper*, reversal [of a grant of summary judgment in favor of defendants co-employees in a negligence action] is required").

Because I too agree with the analysis and result reached in *Leeper*, I would overrule *Carman* and *Amesquita*.  In addition, I would apply what I believe to be the correct version of the common law, as stated in *Leeper*, and find the first amended petition alleges sufficient facts that, if proven, establish an independent duty of care owed by Terrio.

## I.    DISCUSSION

At the outset, it should be recognized that the ultimate issue in this case is whether the first amended petition alleges sufficient facts that, if proven, establish an independent duty of care owed by Terrio.  However, in order to resolve that issue, it is necessary to first discuss the history of case law and ascertain the correct legal standard to be applied in determining an employee's liability for negligence committed against a co-employee in a case, like this one, that arose between 2005 and 2012 amendments to the Law.

---

[1] Section 287.120 was amended in 2012 to provide that "an employee shall not be released from liability for injury or death if the employee engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury."  Section 287.120.1 RSMo Supp. 2013.  I take no position on whether this amendment adopts the "something more" test as refined in post-*State ex rel. Badami v. Gaertner*, 630 S.W.2d 175 (Mo. App. E.D. 1982) decisions.

2

**A.     The History of Case Law and Why I Agree with *Leeper's* Analysis and Result**

Pursuant to section 287.120.2 RSMo Supp. 2006, the rights and remedies granted to an employee under the Law "shall exclude all other rights and remedies of the employee [and] his wife . . ., at common law or otherwise . . ., except such rights and remedies as are not provided for by [the Law]."  Prior to 2005 amendments to the Law, this exclusive remedy provision was interpreted to grant employees immunity from suits brought by a co-employee unless there was a showing of "something more" than a breach of the employer's non-delegable duties.  *Hansen v. Ritter*, 375 S.W.3d 201, 207, 207 n.9 (Mo. App. W.D. 2012) (citing *State ex rel. Badami v. Gaertner*, 630 S.W.2d 175 (Mo. App. E.D. 1982) (establishing the "something more" test)).  However, in 2005, the Law was amended to require strict, rather than liberal, construction.  *Compare* section 287.800 RSMo Supp. 2005 ("[a]ll of the provisions of [the Law] shall be liberally construed with a view to the public welfare"), *with* section 287.800.1 RSMo Supp. 2006 ("reviewing courts shall construe the provisions of [the Law] strictly").  Under a strict construction of the Law, section 287.120 was construed to no longer afford immunity to co-employees.  *Robinson v. Hooker*, 323 S.W.3d 418, 424-25 (Mo. App. W.D. 2010).

Following *Robinson*'s abrogation of the practice of affording immunity to co-employees under the Law, the Western District, in *Hansen*, made it clear that a co-employee could remain liable under the common law.  375 S.W.3d at 207-08, 216-17.  As stated in *Hansen*, "[alt]hough *Robinson* abrogated affording immunity under the [Law] to co-employees alleged to have breached an employer's non-delegable duty, *Robinson* did not comment on the contours of a co-employee's common law liability for the negligent injury of fellow employees in the workplace."  *Id*. at 207.  Instead, *Robinson* "merely acknowledged that whatever rights and remedies were available 'at common law or otherwise' were not barred by the exclusivity provision of the

3

[Law]." *Id.* Thus, while *Hansen* held that a co-employee who violated an independent duty to an injured employee remains liable at common law, the *Hansen* Court was not required to definitively determine the precise scope of the common law duty co-employees owe to one another in the workplace because the plaintiff in *Hansen* only alleged that the co-employee was assigned the employer's non-delegable duty to provide a safe workplace. *Id.* at 206-08, 213, 216-17, 219.

Following the Western District's opinion in *Hansen*, Courts were left to determine the scope of the common law duty owed to injured co-employees. This Court addressed the issue in *Carman* and *Amesquita*. *Carman* involved a negligence action brought by a firefighter who was injured after being run over by a fire truck operated by the defendant, another firefighter. 406 S.W.3d at 72. In determining whether the defendant owed his injured co-employee a duty, the Court explained that, at common law, a co-employee could be held liable when he or she violated a duty independent of the non-delegable duties belonging to the employer. *Id.* at 77. Relying on the refined version of the "something more" test from *Gunnett v. Girardier Bldg. and Realty Co.*, 70 S.W.3d 632 (Mo. App. E.D. 2002), the *Carman* Court found "[i]t is an affirmative act directed at a particular employee that places the co-employee's conduct outside the scope of the employer's non-delegable duties." 406 S.W.3d at 77 (citing *Gunnett*, 70 S.W.3d at 641). The Court held that, as a matter of law, "a co-employee owes to a fellow employee no common law duty to exercise ordinary care and safety requiring the co-employee to refrain from operating a vehicle in a negligent manner when driving in the course of his work" because "that responsibility is subsumed within an employer's non-delegable duty to provide a safe working environment." *Id.* at 79. Accordingly, the Court found the plaintiff failed to allege any duty independent of the employer's non-delegable duty to provide a safe working environment. *Id.*

4

In *Amesquita*, employees in a popcorn production facility filed suit against several co-employees after they developed pulmonary diseases as a result of their exposure to heated butter flavoring containing diacetyl. 408 S.W.3d at 295-96, 302. The plaintiffs alleged the defendants co-employees were negligent for failing to minimize the employees' exposure to diacetyl despite the defendants' knowledge that exposure to diacetyl causes pulmonary problems. *Id*. at 296-97, 302-03. In determining whether the defendants owed a duty independent of the non-delegable duties belonging to the employer, the Court found that, under the refined "something more" test, "a personal duty will arise out of circumstances where the co-employee engages in an affirmative act . . . directed at a worker, increasing the risk of injury." *Id*. at 303 (quoting *Gunnett*, 70 S.W.3d at 641). The Court held that the injuries alleged by the plaintiffs arose from a breach of the employer's non-delegable duty to provide a safe work environment. *Id*. at 304.

The majority opinion oversimplifies *Leeper*. In *Leeper*, the Western District revisited the issue left open by the *Hansen* Court. 2014 WL 2190966 at *1. While the *Hansen* Court stated that it was not deciding the definitive parameters of a co-employee's liability under the common law, *Leeper* characterized the issue as the determination of "whether a co-employee's common law duty of care is the functional equivalent of [the original and refined] 'something more'" test. *Id.; Hansen*, 375 S.W.3d at 216-17. After reciting the lengthy history of the law, a history that is unnecessary to repeat here, the *Leeper* Court determined that, under the common law, an "employer is liable for the negligent performance of any act *directed by it to be performed* by any employee . . . which affects the safety of the workplace" and "[r]isks that are attendant to performing the employer's work *as directed* are thus necessarily subsumed within the employer's non-delegable duties, and cannot support an independent personal duty owed by a co-employee." *Leeper*, 2014 WL 2190966 at *6 (internal quotation omitted) (emphasis in original). While the common law charges an employer with providing a safe method of work, the employer's

5

obligation to protect its employees does not extend to injuries caused by the negligence of employees in carrying out the details of the work directed by the employer. *Id.* at *9 (citing *Kelso v. W.A. Ross Const. Co.*, 85 S.W.2d 527, 534-36 (Mo. 1935)). "In other words, the rule that the master is bound to see that the environment in which a servant performs his duties is kept in a reasonably safe condition is not applicable where that environment becomes unsafe solely through the default of that servant himself, or of his fellow employees." *Id.* (internal quotation omitted). Thus, under the common law, a plaintiff must prove that "the employer performed all of its non-delegable duties such that a reasonably safe workplace, a safe instrumentality of work, and safe methods of work, became unsafe solely through the fault of [the defendant co-employee], a determination that depends on the facts and circumstances of the workplace injury." *Id.* at *1, 17.

As explained in *Leeper*, the common law approach first requires a determination of whether the employee's workplace injury is attributable to the employer's breach of a non-delegable duty. *Id.* at *8-10. This is a question of fact unique to the workplace that requires the consideration of, among others, the following factors:

> [T]he nature of the employer's work; the risks and perils attendant to doing the employer's work as directed; whether the instrumentalities of the work are safe; whether a co-employee causing injury was acting as directed by the employer; whether the methods for performing the work are safe; the competency of the employees hired to perform the work; the training of employees; the rules and regulations of the workplace adopted by the employer to protect workers from the risks and perils of the work about which the employer should have known; the communication and enforcement of these rules and regulations; and other facts or circumstances which might tend to establish the existence of a risk or peril that, through the exercise of ordinary care, the employer could reasonably have acted to prevent.

*Id.* at *10. If, after considering all relevant circumstances of the workplace, it is determined that the employee's workplace injury is attributable to the employer's breach of a non-delegable duty, as a matter of law the defendant co-employee, even if negligent, owes no duty to the plaintiff.

6

*Id*. However, if it is determined that the employee's workplace injury is not attributable to the employer's breach of a non-delegable duty, the defendant co-employee may owe a legal duty to the injured employee.[2] *Id*. Accordingly, under the common law, "the starting point is to *first* determine whether a workplace injury is attributable to a breach of the employer's non-delegable duties, a question of fact." *Id*. (emphasis in original).

*Leeper* determined that while the "something more" test as originally announced in *Badami* accurately restated the common law of co-employee liability, the post-*Badami* refinements to the test do not align with the common law approach. *Id*. at \*13. Specifically, the post-*Badami* refinements, by attaching a legal significance to the "test's focus on the nature and attributes of a co-employee's conduct," do not align with the common law's approach of first determining whether a workplace injury is attributable to a breach of the employer's non-delegable duties. *Id*. at \*8-13. Accordingly, the refined "something more" test could "impose an independent duty on a co-employee when the common law would not, and may fail to impose an independent duty on a co-employee when the common law would." *Id*. at \*13.[3] Thus, for

---

[2] As explained in *Leeper*, the existence of a co-employee's duty cannot be automatically assumed following a finding that a workplace injury is not attributable the employer's breach of a non-delegable duty. *Id*. at \*10 n.5. The existence of a duty remains subject to a "calculus of policy considerations," including foreseeability. *Id*.

[3] The *Leeper* Court offered the following example:

> In *Logsdon v. Duncan*, 293 S.W.2d 944, 949-50 (Mo. 1956), our Supreme Court held that a co-employee who threw a brick off of a house in connection with construction activities without regard for, or warning to, co-workers below owed a common law duty of care, an outcome that necessarily presupposed that the workplace injury was not chargeable to a breach of the employer's non-delegable duties. In contrast, and under nearly identical facts, the Eastern District in *Quinn v. Clayton Construction Co., Inc.*, 111 S.W.3d 428, 433-34 (Mo. App. E.D. 2003) affirmed the dismissal of a petition alleging co-employee negligence where a co-employee carelessly threw a piece of iron from the roof of a construction site without regard for, or warning to, co-employees below because the conduct was 'not an allegation of 'something more," as there was no allegation of 'an affirmative act directed at [an] injured employee that increased the risk of injury.'

*Id*. at \*14.

workplace injuries occurring between the Law's 2005 and 2012 amendments, the common law, rather than the refined "something more" test, should be applied in determining whether an employee owes a duty of care to a co-employee. *Id*. at \*15.

In concluding that the refined "something more" test does not accurately state the common law of co-employee liability, *Leeper* declined to follow our Court's decisions in *Carman* and *Amesquita* to the extent that they relied on the refined "something more" test to determine co-employee liability under the common law. *Id*. at \*15-16. I agree that *Carman* and *Amesquita* did not correctly apply the common law. While the Court in *Carman* and *Amesquita* undoubtedly relied on *Hansen*'s statement that "cases since *Badami* which have refined the 'something more' test remain instructive in defining a co-employee's personal duties to fellow employees," the precise extent that post-*Badami* cases "remain instructive in defining a co-employee's personal duties to fellow employees" under the common law was not clarified until *Leeper*. *Hansen*, 375 S.W.3d at 216. As *Leeper*'s detailed analysis makes clear, the refined "something more" test does not accurately reflect the common law regarding co-employee liability. Accordingly, I would overrule *Carman* and *Amesquita* to the extent they relied on the refined "something more" test to determine co-employee liability under the common law.

**B.** **Applying *Leeper'*s Analysis and Result to the First Amended Petition in this Case**

Applying the correct version of the common law, as stated in *Leeper*, I would find the first amended petition alleges sufficient facts that, if proven, establish an independent duty of care owed by Terrio. In *Hansen*, the defendants co-employees' duties alleged in the amended petition were described by the plaintiff as duties assigned by the employer to provide a safe workplace. *Id*. at 204, 206. Therefore, the plaintiff acknowledged the duties alleged in the amended petition were part and parcel of the employer's non-delegable duty to provide a safe workplace. *Id*. at 206, 219. Because the amended petition did not assert that the defendants co-

8

employees owed any personal duties independent of the employer's non-delegable duties, dismissal of the amended petition for failure to state a claim was appropriate. *Id*. at 219. In *Leeper*, on the other hand, the amended petition specifically pled that the defendant co-employee was "personally" and "independently" negligent in operating a drilling rig in violation of his job duty. 2014 WL 2190966 at *1, 2-3, 16. Additionally, the amended petition pled that the defendant created a dangerous and hazardous condition beyond the normal risk of operating and working on a drilling rig. *Id*. at *3, 16. These allegations were determined sufficient to allege the defendant co-employee failed to perform his job as he had been instructed and therefore made what was otherwise a safe workplace unsafe. *Id*. at *17. In other words, the *Leeper* Court found the amended petition sufficiently alleged the defendant co-employee owed personal duties independent of the employer's non-delegable duties. *Id*. Therefore, the Court held the trial court erred in dismissing the amended petition for failure to state a claim. *Id*.

Unlike the amended petition at issue in *Hansen*, the Peters' first amended petition alleges more than a breach of an assigned duty to provide a safe workplace, or in other words, a breach of the employer's non-delegable duties. While the first amended petition does not *specifically* allege that Terrio owed an "independent" duty or that Terrio's actions solely rendered an otherwise safe workplace unsafe, our standard of review requires us to give the first amended petition its broadest intendment and construe all allegations favorably to the Peters. *See Stabler v. Stabler*, 326 S.W.3d 561, 564 (Mo. App. E.D. 2010). As noted by *Leeper*, "[t]hough it may be difficult in most cases to establish that a workplace injury is not attributable to breach of an employer's non-delegable duties, given the inherently factual nature of that determination, dismissal of a petition for failure to state a claim will be premature if the petition alleges facts which would support that conclusion." 2014 WL 2190966 at *17. The first amended petition includes allegations that Terrio breached a duty to exercise care for the safety of Curt Peters by

9

ordering the dowel baskets to be stacked in an unsafe manner despite knowledge that it created a safety hazard. These allegations, taken as true and construed favorably to the Peters, support a conclusion that an otherwise safe workplace was rendered unsafe solely through the fault of Terrio. Of course, the Peters would remain responsible for proving that Tramar, the employer, performed all of its non-delegable duties and an otherwise safe workplace, work instrumentality, or work method was rendered unsafe solely due to Terrio's negligent act or omission in ordering the dowel baskets to be stacked. *See id*.

## II. CONCLUSION

I would find that, under the common law as explained in *Leeper*, the Peters' first amended petition alleges sufficient facts that, if proven, establish an independent duty of care owed by Terrio. Accordingly, I would find the trial court erred in dismissing the first amended petition for failure to state a claim upon which relief can be granted. Moreover, pursuant to Rule 83.03,[4] I certify the majority opinion is contrary to *Leeper* and transfer the cause to the Missouri Supreme Court. *See Parr*, 2014 WL 3864710 at *1-20, 22 (Francis, Jr., J., dissenting) (dissenting from majority opinion affirming a grant of summary judgment in favor of defendants co-employees in a negligence action, finding "the majority opinion incorrectly decline[d] to follow [*Leeper*]," and transferring the case to the Missouri Supreme Court pursuant to Rule 83.03").

_____
GLENN A. NORTON, Judge

---

[4] All references to Rules are to Missouri Supreme Court Rules (2014).